ATTORNEYS FOR APPELLANT
Jeremy M. Noel
Bloomington, Indiana

ATTORNEYS FOR AMICUS CURIAE MARION COUNTY
PUBLIC DEFENDER AGENCY
Robert J. Hill
Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

James Thomas Whitehead
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 53S01-1209-CR-526

JOEY JENNINGS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

———————————————————

Appeal from the Monroe Circuit Court, No. 53C03-0906-CM-2250
The Honorable Kenneth G. Todd, Judge

———————————————————

On Petition to Transfer from the Indiana Court of Appeals, No. 53A01-1010-CR-00541

———————————————————

**February 20, 2013**

**Massa, Justice.**

This case presents a question of statutory interpretation: does the phrase "term of imprisonment," as it is used in Indiana's misdemeanor sentencing statute, include time suspended from a sentence? We hold it does not.

**Facts and Procedural History**

A jury convicted Joey Jennings of criminal mischief as a Class B misdemeanor for vandalizing another man's truck. The trial court sentenced him to 30 days executed, 150 days suspended, and 360 days of probation. Jennings appealed, arguing that 1) the evidence was insufficient to support his conviction and 2) his sentence was illegal under Indiana Code § 35-50-3-1(b) (2008), which states "whenever the court suspends in whole or in part a sentence for a Class A, Class B, or Class C misdemeanor, it may place the person on probation under IC 35-38-2 for a fixed period of not more than one (1) year, notwithstanding the maximum term of imprisonment for the misdemeanor set forth in sections 2 through 4 of this chapter. However, the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year."

The Court of Appeals affirmed in part and reversed in part, finding the evidence sufficient to support Jennings's conviction but finding the sentence was inconsistent with Indiana Code § 35-50-3-1(b). Jennings v. State, 956 N.E.2d 203, 208 (Ind. Ct. App. 2011). The court reasoned "term of imprisonment" was not defined in the Indiana Code and the courts had not settled on a definition. The court concluded that for purposes of the misdemeanor sentencing statute, "term of imprisonment" must include not only executed time, but also suspended time. Thus, in order to comply with the statute, the aggregate sentence—including time executed, suspended, and on probation—may not exceed one year. Accordingly, the court remanded the case for a redetermination of Jennings's period of probation, not to exceed 185 days.

The State petitioned for rehearing, arguing the court's holding conflicted with Smith v. State, 621 N.E.2d 325 (Ind. 1993). The court granted the State's petition, but reaffirmed its previous decision, citing Collins v. State, 835 N.E.2d 1010 (Ind. Ct. App. 2005) and Mask v. State, 829 N.E.2d 932 (Ind. 2005). Jennings v. State, 962 N.E.2d 1260, 1261 (Ind. Ct. App. 2012).

Jennings petitioned for transfer to this Court on the sufficiency of the evidence issue alone. The State petitioned for transfer on the sentencing issue and asked us to clarify the meaning of "term of imprisonment" as it is used in Indiana's misdemeanor sentencing statute. We granted both petitions, thereby vacating the opinion below. Jennings v. State, 974 N.E.2d 1020 (Ind. 2012) (table); Ind. Appellate Rule 58(A).

## Standard of Review

In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses. Treadway v. State, 924 N.E.2d 621, 639 (Ind. 2010). Rather, we look to the evidence and reasonable inferences that support the verdict and affirm the conviction if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

When construing a statute, "our primary goal is to determine and effect legislative intent." Freeman v. State, 658 N.E.2d 68, 70 (Ind. 1995) (citing Park 100 Dev. Co. v. Ind. Dep't of State Rev., 429 N.E.2d 220, 222 (Ind. 1981) ("[T]he foremost objective of the rules of statutory construction is to determine and effect the true intent of the legislature.")); State v. Gilbert, 247 Ind. 544, 550, 219 N.E.2d 892, 895 (1966) (stating court must determine legislative intent in construing statutes).

## The Evidence Is Sufficient to Support Jennings's Conviction

Based on the record before us, we agree with the Court of Appeals that the State presented sufficient evidence to support Jennings's conviction. Jennings, 956 N.E.2d at 204–05. Thus, we summarily affirm that portion of the Court of Appeals's opinion. Ind. Appellate Rule 58(A)(2).

**"Term of Imprisonment" Does Not Include Suspended Time**

In 1993, we established a guiding principle for misdemeanor sentencing, holding that "a combined term of probation and imprisonment exceeding one year is inconsistent with the maximum term for conviction for a misdemeanor." Smith v. State, 621 N.E.2d 325, 326 (Ind. 1993). We now clarify our holding in Smith: a combined term of probation and imprisonment may not exceed one year, notwithstanding the maximum term of imprisonment for the misdemeanor. We further hold that "term of imprisonment," for purposes of misdemeanor sentencing, does not include suspended time.

### A. Smith v. State

Dennis Smith was convicted of battery, a Class A misdemeanor, and sentenced to one year imprisonment with 255 days suspended, to be followed by a one-year probation period. Smith argued on appeal that the trial court's imposition of one year of probation, in addition to his 110-day executed sentence, was not proper because a person convicted of a Class A misdemeanor may be imprisoned for a period of not more than one year. We found that "[w]hile the trial court may have had sound reasons for the sentence it imposed, it was error to extend a misdemeanant's penalty to a term exceeding the one-year statutory limitation, whether by imposition of a prison sentence, an assessment of probation under a suspended sentence, or a combination thereof." Id. Importantly, probation and suspended sentence were considered together as two parts of the same whole.

When this Court decided Smith, Indiana's misdemeanor sentencing law provided "whenever the court suspends a sentence for a misdemeanor, it may place the person on probation . . . for a fixed period of not more than one (1) year." Id. (quoting Ind. Code § 35-50-3-1(b) (1993)). Thus, probation, under the statute, could last for up to one year beyond the executed time served. This Court, in Smith, held that time served in prison *plus* probation could

4

not exceed the statutory limitation.  Id.  The effect of the Court's ruling was to amend the statute by limiting a combination of time spent incarcerated and on probation to the corresponding maximum sentence possible under law.[1]  The Court based its decision on an "absence of clear legislative authorization to the contrary," and applied the principles used in felony sentencing[2] to determine that imprisonment and probation could not exceed the statutory maximum.  Id.

While this Court may have intended the combination of imprisonment and sentence suspended to probation to be limited to the maximum term prescribed in statute, it appears judicial practice did not follow that pronouncement.  After Smith was handed down, some trial courts imposed probation for Class B and Class C misdemeanors so that the probation period plus the sentence exceeded the statutory maximum for the misdemeanor, but did not exceed one year—a practice clearly in contravention of this Court's Smith decision.  So, in an effort to remedy the inconsistency between precedent and practice, the legislature amended the statute in 2001 as follows (amendments in bold):

> (b) Except as provided in subsection (c), whenever the court suspends **in whole or in part** a sentence for a **Class A, Class B, or Class C** misdemeanor, it may place the person on probation under IC 35-38-2 for a fixed period of not more than one (1) year, **notwithstanding the maximum term of imprisonment for the misdemeanor set forth in sections 2 through 4 of this chapter. However, the combined term of imprisonment *and* probation for a misdemeanor may not exceed one (1) year.**

---

[1] The maximum penalty for a Class B misdemeanor is imprisonment for up to 180 days.  Ind. Code § 35-50-3-3.  The maximum penalty for a Class C misdemeanor is imprisonment for up to 60 days.  Ind. Code § 35-50-3-4 (2008).

[2] Namely, Indiana Code § 35-50-2-2(c) (2008) which provides that "whenever the court suspends a sentence for a felony, it shall place the person on probation under IC 35-38-2 for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire."

Ind. Code § 35-50-3-1(b) (2008) (emphasis added); see also Act of May 1, 2001, P.L. 90-2001, § 1, 2001 Ind. Acts 451.[3] The statute thus is clear enough: 1) a sentence may be suspended in whole or in part; 2) a misdemeanant may be sentenced to probation for up to one year; and 3) the combined term of imprisonment plus probation may not exceed one year.

In contrast, Jennings argues that "term of imprisonment" must include both executed and suspended time, and a "term of imprisonment" plus probation cannot exceed one year. If we adopted Jennings's interpretation, we would have to apply it to the entire chapter and all levels of misdemeanors, with results that would frustrate legislative intent and undermine accountability measures that encourage reflection, remorse, and rehabilitation.[4] Thus, we reject it.

Under Jennings's proposed interpretation, it would be possible for a B or C misdemeanant—but not for an A misdemeanant—to have a portion of his maximum statutory sentence suspended and still serve probation. In fact, a Class A misdemeanant could never be sentenced to the statutory maximum of one year and have a portion of that sentence suspended subject to probation. That surely was not the legislature's intent, and we will not so hold. The statutory language singles out each level of misdemeanor—A, B, and C—and says a court may suspend the sentences for each of those "in whole or in part" and then place the misdemeanant on probation for up to one year. This clearly and unambiguously shows the legislature, by "term of imprisonment," meant only that time during which a misdemeanant is incarcerated.

---

[3] A Fiscal Impact Statement drafted by the Indiana Legislative Services Agency indicates the purpose behind the legislation: "Under current case law," meaning our decision in Smith v. State, "the sentencing court may suspend all or a portion of the sentence and require the offender to remain on probation for the suspended time." Office of Fiscal and Management Analysis, Indiana Legislative Services Agency, Fiscal Impact Statement House Bill 1532 at 1 (Dec. 5, 2000). The report continues: "However, some courts reportedly suspend all or a portion of a sentence and require the offender to remain on probation for up to one year whether or not the time on probation exceeds the statutory period for incarceration. This bill will make the statute consistent with this practice." Id.

[4] The threat of "back-up time," should a defendant violate the terms of his probation, is one such accountability measure.

**B. Untangling the Knot**

Today's straightforward holding—that a judge may suspend all or part of a misdemeanor sentence and place the defendant on probation for the rest of a year—aims to clarify practice in our highest-volume criminal courts.[5] Multiple defendants raising this issue have petitioned for transfer.[6] This current state of confusion results from a decade-long tangled thread of evolving precedent that left the Court of Appeals little choice but to grant Jennings relief. Today, we untangle that knot.

We start with Beck v. State, 790 N.E.2d 520 (Ind. Ct. App. 2003), decided 10 years after Smith. In Beck, the defendant was sentenced to 365 days imprisonment with 351 days suspended and placed on probation for an additional 365 days. This was improper under Smith, and the Court of Appeals remanded for re-sentencing in a fashion consistent with today's holding, limiting probation to 351 days. The decision prompted a concurring opinion that took issue with the majority analysis, asserting in essence that a year is a year and a sentence is a sentence, whether executed or suspended.

One year later, in Copeland v. State, 802 N.E.2d 969 (Ind. Ct. App. 2004), a domestic batterer received a wholly suspended 365-day sentence on his misdemeanor conviction with 180 days probation. The concurring judge in Beck, this time writing for a unanimous panel, cited the Beck concurrence for the proposition that "a suspended sentence is one actually imposed,"

---

[5] More than 173,000 misdemeanor cases were filed in Indiana courts in 2011. 1 Indiana Judicial Service Report: Judicial Year in Review 94 (2011).

[6] See, e.g., Tumbleson v. State, No. 90A02-1107-CR-613, 2012 WL 172873, (Ind. Ct. App. Jan. 20, 2012) and Rayford v. State, No. 01A02-1106-CR-554, 2012 WL 314042 (Ind. Ct. App. Jan. 30, 2012). Tumbleson and Rayford were consolidated with Jennings for oral argument; we denied transfer in both Tumbleson and Rayford. See also Peterink v. State, No. 57S03-1302-CR-136, slip op. (Ind. February 20, 2013) (remanding for resentencing in light of this opinion).

therefore probation was unavailable on top of the 365-day suspended sentence. Id. at 973 n.4 (citing Beck, 790 N.E.2d at 523).

A different panel of the Court of Appeals followed the Beck/Copeland approach in Collins v. State, 835 N.E.2d 1010 (Ind. Ct. App. 2005). Collins was convicted of misdemeanor drunk driving and, pursuant to a sentencing agreement, received 365 days incarceration with 355 days suspended, and 365 days of probation. Under our holding today, his probation would be limited to 355 days, but the Collins panel held there is "an affirmative statutory proscription on the imposition of any sentence, regardless of its composition, in excess of one year," implying that the probation period could not stand on remand. Id. at 1018.

Still more confusion followed our decision in Mask v. State, 829 N.E.2d 932 (Ind. 2005), cited by the Court of Appeals in denying the State's Petition for Rehearing in the instant case. Mask, however, was a felony case having nothing to do with the plain meaning of our misdemeanor sentencing statute. Mask dealt with Indiana's cap on consecutive sentencing in certain felony crime sprees, limiting a judge's ability to "stack" sentences for multiple crimes arising out of a single episode of conduct. In Mask, the defendant was convicted of multiple Class D felonies in a single episode. The trial court maxed the defendant on three of the counts and ran them consecutively for a total of nine years, with three of those years suspended. This ran afoul of Indiana Code § 35-50-1-2(c), which capped the sentence at the standard term for the next highest class of felony, or 4 years in Mask's case. We held that for purposes of applying the consecutive sentence cap, the sentence imposed—*whether suspended or executed*—controlled, because a defendant subsequently could violate his probation, have back-up time imposed, and thus serve a sentence that exceeds the statutory cap. Id. at 936. This is why Chief Justice Shepard, writing for a unanimous Court, referenced the Beck concurrence. Mask does contain language that appears to support Jennings's position: "[i]ncarceration *in the context of subsection (c)* does not mean the period of executed time alone." Id. (emphasis added). The emphasized text, however, makes it clear that Mask's essential holding is confined to the context in which it arose—the consecutive sentencing cap statute—and it in no way controls the question we resolve today.

8

**C. The Purpose of Probation**

As previously noted, adopting Jennings's reasoning would undermine the rehabilitative purposes of probation. Probation and suspended sentences are widely imposed concurrently in order to ensure the probationer's good behavior. The two work in concert. Probation is "[a] court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison." Black's Law Dictionary 1322 (9th ed. 2009). A suspended sentence is "[a] sentence *postponed* so that the convicted criminal is not required to serve time unless he or she commits another crime or violates some other court-imposed condition. A suspended sentence, in effect, is a form of probation." Id. at 1486 (emphasis added). Thus, a convicted criminal has an incentive to "pass the test" of probation in order to avoid serving his suspended sentence.[7]

Were we to adopt the approach that Jennings and amicus urge, the following would occur in the sentencing of Class A misdemeanants, as the State's brief succinctly outlines below:

> First, a trial court [could] simply order 180 days executed and 185 days suspended. However, without a probationary term, there is no mechanism by which to secure good behavior: there would be no possibility of the suspended portion ever being executed, because there is no probation to govern conduct, or, if conduct is not in keeping with its terms, to be revoked. The suspended portion would be superfluous—an absurd result. As a practical matter, this option is no different than a sentence of 180 days executed and no further sanction of any kind.
>
> Second, a trial court could order 180 days executed and 185 days of probation. However, without a suspended sentence, there is no incentive to secure or correct the misdemeanant's behavior, should

---

[7] The word "probation" comes from the Latin "probare," meaning "to try, test, approve, prove." Webster's Third New International Dictionary 1806 (1993).

9

he not fulfill the terms of probation. In both instances, the sentence results in "all carrot and no stick" and the probationary or suspended terms are toothless.

State's Trans. Pet. at 6. Taken together with the plain language of the statute and legislative intent, we find this argument well-stated and persuasive.

## Conclusion

For the purpose of Indiana Code § 35-50-3-1, "term of imprisonment" means the total amount of time a misdemeanant is incarcerated. Further, regardless of the maximum sentence available under Indiana Code §§ 35-50-3-2, 35-50-3-3, and 35-50-3-4, the combined term of imprisonment and probation for a misdemeanor may not exceed one year. We therefore remand this case to the trial court for imposition of a probationary period consistent with this opinion, not to exceed 335 days—the difference between one year (365 days) and the 30 days Jennings was ordered to serve in prison.

Dickson, C.J., and Rucker, David, and Rush, JJ., concur.