**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 10 2013, 8:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Deputy County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F, ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KARINA WILSON, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1207-CR-602 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly Brown, Judge
The Honorable Teresa Hall, Commissioner
Cause No. 49G16-1010-FD-80758

**May 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Karina Wilson appeals her sentence for Class A misdemeanor battery.  We affirm.

**Issue**

The sole issue is whether the trial court erred in imposing a sentence of 357 days suspended, to be served on probation.

**Facts**

On May 17, 2012, a jury found Wilson guilty of Class A misdemeanor battery.  The trial court subsequently sentenced Wilson to a term of 365 days, with eight days executed but credit for having already served those eight days.  As for the remaining 357 days, the trial court stated, "I'm suspending 357 days, and I am placing her on probation for 357 days."  Tr. p. 347.  Wilson now appeals her sentence.

**Analysis**

Wilson argues that her sentence of 357 days, suspended to probation, is the functional equivalent of a 714-day sentence, in excess of the one-year combined term of imprisonment and probation limit for misdemeanors.  See Ind. Code 35-50-3-1.  In support of this argument, Wilson has relied upon decisions of this court in Peterink v. State, 971 N.E.2d 735 (Ind. Ct. App. 2012), Jennings v. State, 956 N.E.2d 203 (Ind. Ct. App. 2011), and Collins v. State, 835 N.E.2d 1010 (Ind. Ct. App. 2005).

However, after Wilson submitted her brief in this case, our supreme court issued its decisions in Jennings v. State, 982 N.E.2d 1003 (Ind. 2013), and Peterink v. State, 982

N.E.2d 1009 (Ind. 2013). In those cases, the court clarified that "term of imprisonment" for purposes of misdemeanor sentencing limits under Indiana Code Section 35-50-3-1 means the total amount of time a misdemeanant is actually incarcerated and does not include suspended time. Jennings, 982 N.E.2d at 1009. Additionally, a misdemeanor sentencing term that includes a portion suspended to probation does not equal twice the suspended time. See id. Thus, for example, a misdemeanor sentencing term of one year suspended with one year's probation equals a one-year sentence for purposes of Section 35-50-3-1. See Peterink, 982 N.E.2d at 1010. As such, Wilson's sentence of eight days previously executed and 357 days suspended to be served on probation equals a one-year sentence and does not violate Section 35-50-3-1. Both the trial court's sentencing statement and the abstract of judgment are unambiguous. Wilson was properly sentenced.

## Conclusion

Wilson's sentence does not violate the one-year limit for misdemeanors. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.

3