**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 10 2014, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD R. SHULER**
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MELISSA S. JOHNSON MABIE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 43A03-1404-CR-112 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Joe V. Sutton, Judge
Cause No. 43D03-1201-FD-13

**September 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Melissa S. Johnson Mabie appeals the trial court's revocation of her probation. Mabie raises a single issue for our review, namely, whether the trial court abused its discretion when it sentenced Mabie following the court's revocation of her probation.

We affim.

## FACTS AND PROCEDURAL HISTORY

On January 26, 2012, Mabie pleaded guilty to nonsupport of a dependent child, as a Class D felony. The trial court accepted Mabie's plea that same day and ordered her to serve three years, all of which the court suspended to probation.

On May 16, 2013, the State filed a petition of probation violation with the court. In its petition, the State alleged that Mabie had filed to inform her probation officer of her employment status since January 8, 2013, and that she had not made required child support payments since January 11, 2013. On February 11, 2014, Mabie admitted that she had violated the terms of her probation as alleged.

On March 13, 2014, the court held Mabie's sentencing hearing. At that hearing, the court found as mitigating circumstances that Mabie admitted to the probation violations and that she had no criminal history. The court found no aggravating circumstances. The court then ordered Mabie to "be incarcerated at the Kosciusko County Jail for a period of thirty-six (36) months, with eighteen (18) months suspended . . . on formal probation." Appellant's App. at 61. The court further authorized Mabie's participation in work release "as long as she remains qualified." Id. This appeal ensued.

2

## DISCUSSION AND DECISION

Mabie asserts that the trial court abused its discretion when it sentenced her following the revocation of her probation. As our supreme court has explained:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

Upon the revocation of probation, the trial court may impose one or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h). And, pursuant to Indiana Code Section 35-50-2-7(a), "[a] person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one half (1 ½) years."

3

Here, Mabie first asserts that the trial court abused its discretion when it "imposed the maximum sentence possible in this matter." Appellant's Br. at 8. According to Mabie, her new sentence of eighteen months of incarceration followed by eighteen months of probation is the equivalent to three years of incarceration. We reject this argument.

Mabie's sentence following the revocation of her probation is not the maximum sentence possible. "Common sense dictates that less executed time means less punishment." Jenkins v. State, 909 N.E.2d 1080, 1084 (Ind. Ct. App. 2009), trans. denied. "[A] maximum sentence is not just a sentence of maximum length, but a fully executed sentence of maximum length." Id. at 1085-86 (emphasis original); see also Davidson v. State, 926 N.E.2d 1023, 1024-25 (Ind. 2010) (holding that, under Indiana Appellate Rule 7(B), "appellate courts may consider all aspects of the penal consequences imposed by the trial judge"). As Mabie did not receive a fully executed sentence of three years, she did not receive a maximum sentence.

Moreover, pursuant to Indiana Code Section 35-38-2-3(h)(3), upon the revocation of her probation the trial court could have ordered Mabie to execute the entirety of her originally suspended three-year sentence. As our supreme court stated in Stephens v. State, 818 N.E.2d 936, 942 (Ind. 2004), a "[d]efendant is not entitled to any credit toward sentence of the time spent on probation once he violated its conditions." Indeed, had the trial court simply ordered Mabie to execute the balance of the term it had originally

4

suspended, the court's order would have been for a twenty-month term of incarceration,[1] which is more than the executed term the court actually ordered.

Further, Mabie's reliance on Mask v. State, 829 N.E.2d 932 (Ind. 2005), is misplaced. As our supreme court has since clarified:

> Mask dealt with Indiana's cap on consecutive sentencing in certain felony crime sprees, limiting a judge's ability to "stack" sentences for multiple crimes arising out of a single episode. of conduct. . . . We held that for purposes of applying the consecutive sentence cap, the sentence imposed— whether suspended or executed—controlled, because a defendant subsequently could violate his probation, have back-up time imposed, and thus serve a sentence that exceeds the statutory cap. . . . Mask does contain language that appears to support [the defendant's] position: "[i]ncarceration in the context of [Indiana Code Section 35-50-1-2(c)] does not mean the period of executed time alone." The emphasized text, however, makes it clear that Mask's essential holding is confined to the context in which it arose—the consecutive sentencing cap statute . . . .

Jennings v. State, 982 N.E.2d 1003, 1008 (Ind. 2013) (emphases and first alteration original to Jennings; citations omitted). Likewise here, Mask's essential holding does not apply.

Mabie next argues that "the maximum possible sentences are generally most appropriate for the worst offenders," and that the court "found there to be no aggravating circumstances, yet imposed the maximum sentence." Appellant's Br. at 8-9 (quotation and citation omitted). But, again, Mabie did not receive the maximum possible sentence because she did not receive three years of incarceration. As we have already rejected the premise underlying these arguments, we need not consider them further. We cannot say

[1] The State filed its petition of probation violation about sixteen months into Mabie's original thirty-six month term of probation, and the trial court issued its summons to Mabie that same day. As a matter of law, the issuance of the summons tolled Mabie's probationary period until the court's final determination on the petition, which occurred nine months later in February of 2014. I.C. § 35-38-2-3(c). Thus, at the time the court sentenced Mabie for her probation violation, Mabie had a remaining, original probationary term of twenty months.

that the trial court abused its discretion when it sentenced Mabie following the revocation of her probation.  Thus, we affirm her sentence.

Affirmed.

BAILEY, J., and PYLE, J., concur.