## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2016, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Corey Brown,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

April 20, 2016

Court of Appeals Case No.
49A04-1509-CR-1379

Appeal from the Marion Superior Court

The Honorable Amy Jones, Judge

Trial Court Cause No.
49G08-1507-CM-25404

**May, Judge.**

[1] Corey Brown asserts the trial court imposed an illegal sentence following his conviction of Class B misdemeanor battery by bodily waste,[1] and the State agrees.[2] We reverse and remand with instructions.

## Facts and Procedural History

[2] On July 19, 2015, Brown spat in the face of another customer at a gas station. He was arrested, and the State charged him with Class B misdemeanor battery by bodily waste. The trial court found him guilty and imposed the following sentence: 180 days in the Marion County Jail, with 32 days served, 32 days of good time credit earned, 116 days suspended, and 365 days of supervised probation.

## Discussion and Decision

[3] "[S]entencing decisions rest within the sound discretion of the trial court." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Thus, we review on appeal only for an abuse of that broad discretion. *Id*. One of the ways a trial court may abuse its discretion is by imposing a sentence that is "improper as a matter of law." *Id*. at 491.

---

[1] Ind. Code § 35-42-2-1(b)(2) (2014).

[2] The State concedes Brown's sentence exceeds the statutorily-permitted maximum, but nevertheless asserts the court "acted within its discretion in sentencing" Brown. (Br. of Appellee at 6.) As a matter of law and of logic, this is not possible, because "a trial court's misunderstanding of the law constitutes an abuse of discretion." *Russell v. State*, 34 N.E.3d 1223, 1228 (Ind. 2015).

[4] Our legislature determined the sentence for a Class B misdemeanor shall be a "fixed term of not more than one hundred eighty (180) days." Ind. Code § 35-50-3-3. In addition, our legislature made it possible for trial courts to suspend sentences for misdemeanors, Ind. Code § 35-50-3-1(a), and provided that when so suspending, the court could impose a term of probation:

> [W]henever the court suspends in whole or in part a sentence for a Class A, Class B, or Class C misdemeanor, it may place the person on probation under I.C. 35-38-2 for a fixed period of not more than one (1) year, notwithstanding the maximum term of imprisonment for the misdemeanor set forth in sections 2 through 4 of this chapter. However, the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year.

Ind. Code § 35-50-3-1(b) (2015).

[5] Our Indiana Supreme Court explained the proper application of that statute in *Jennings v. State*, 982 N.E.2d 1003 (Ind. 2013). Following his conviction of a Class B misdemeanor, Jennings received a sentence of 180 days, with 30 days executed, 150 days suspended, and 360 days on probation. *Id*. at 1004. Our Supreme Court held "a combined term of probation and imprisonment may not exceed one year, notwithstanding the maximum term of imprisonment for the misdemeanor. We further hold that 'term of imprisonment,' for purposes of misdemeanor sentencing, does not include suspended time." *Id*. at 1005. Based thereon, our Supreme Court remanded for the trial court to impose a probation period "not to exceed 335 days—the difference between one year

(365 days) and the 30 days Jennings was ordered to serve in prison." *Id*. at 1009.

[6] Brown received a sentence of 64 days served plus 365 days on probation. Because the combined term of Brown's sentence is more than 365 days, the sentence violated Indiana Code § 35-50-3-1(b). *See Jennings*, 982 N.E.2d at 1009. We reverse his sentence and remand for imposition of probation not greater than 301 days—the difference between 365 days and the 64 days for which Brown has credit based on his incarceration. *See id*.

[7] Reversed and remanded.

Baker, J., and Brown, J., concur.