## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 17 2019, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert B. Lill, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 17, 2019 <br><br> Court of Appeals Case No. 18A-CR-2141 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Sally A. McLaughlin, Judge <br><br> Trial Court Cause No. 15D02-0708-FC-21 |

**Barteau, Senior Judge.**

# Case Summary

[1] Robert Lill appeals the trial court's sentencing decision after he admitted to violating probation for Class C felony child exploitation. We affirm.

# Issue

[2] Lill raises one issue, which we restate as whether the trial court abused its discretion by requiring him to serve four years of his previously-suspended eight-year sentence and adding one year to his probation.

# Facts and Procedural History

[3] On August 1, 2007, detectives at the Dearborn County Sheriff's Department received a complaint that Lill was using computers at a local technical school to view and download child pornography. Lill had used a thumb drive to download and trade photos of children engaged in sex acts with adults. Some of the images on the drive were of children as young as three years old. Lill told the detective assigned to the case that "his favorite age was 10 to 13 years." Appellant's App. Vol. 2, p. 20. Lill was eventually charged with nine counts of child exploitation and nine counts of possession of child pornography.

[4] On February 26, 2009, Lill pleaded guilty to two counts of Class C felony child exploitation. The remaining counts were dismissed. The trial court accepted Lill's plea and ordered him to serve eight years on the first count with zero days suspended. Regarding the second count, he was sentenced to eight years, all of

which were suspended to probation, with probation scheduled to end on July 6, 2019. Under the terms of probation, Lill was ordered not to access the internet or any online service, through use of either a computer, cell phone, iPod, Xbox, Blackberry, personal digital assistant, pager, palm pilot, television, or any other electronic device.

On June 19, 2018, the State filed a request for a probation violation hearing. The request alleged that Lill violated the terms of his probation when he was seen accessing the internet on two separate occasions – on June 7, 2018, at the Ohio County public library, and on June 18, 2018, at the Lawrenceburg public library. At the Lawrenceburg library, Lill's probation officer saw him using the internet to search for jobs and also to search for information on whether dogs can smell electronic devices. Regarding the dog search and why it concerned her, Lill's probation officer testified as follows:

> At that time, that was concerning to me because we had done a home visit on June 12th with the U.S. Marshals, and in searching of the home[,] Robert Lill was acting suspicious and he was asked if there was [sic] any electronics, and he said no. The U.S. Marshal said well we would bring – we'll have a canine come in and smell for electronics, and if, you know, now's your chance, you know, to advise us. He said no. The dog never came. So, with that being said I approached Mr. Lill in the library as the screen was up when he was reading can dogs smell electronics, and I asked him what he was doing. He said he was looking for jobs, and I said, well, looking for dogs smelling electronics is not searching for jobs, and I said, you know, you are looking at this because of our interaction with you when we did a home visit.

Tr. p. 19. At the time the request was filed, Lill had served his entire eight-year executed sentence and had completed almost seven full years of the eight years suspended to probation.

[6] Lill's revocation hearing was held on July 24, 2018, during which he admitted to the probation violation. Based upon the admission, the trial court found he had violated his probation.

[7] A sentencing hearing was held on August 7, 2018. After hearing the evidence, the trial court sentenced Lill to serve four years of his previously-suspended eight-year sentence and extended the term of his probation by one year. Lill appeals.

# Discussion and Decision

[8] Lill argues that the trial court abused its discretion by ordering him to serve a portion of his previously-suspended eight-year sentence "[i]n light of [his] substantial record of compliance with the terms of his probation and the relatively technical nature of his violation." Appellant's Br. p. 9. He maintains, essentially, that he should be afforded leniency in sentencing because he has "demonstrated a consistent history of admitting to his mistakes and taking responsibility for them." *Id.* at 13.[1]

---

[1] Sua sponte, we note that the trial court's order directing Lill to serve a portion of his previously-suspended sentence does not contravene statutory authority even though he had nearly completed the probationary period. *See Wann v. State*, 997 N.E.2d 1103, 1107-08 (Ind. Ct. App. 2013) (where Wann, who violated

[9] Indiana Code section 35-38-2-3 (2015) governs the violation of conditions of probation. Subsection (h) provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[10] In general, we review a challenge to a trial court's sentence for an abuse of discretion. *Adams v. State*, 960 N.E.2d 793, 796 (Ind. 2012) (citing *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). "An abuse of discretion occurs when the decision clearly contravenes the logic and effect of the facts and circumstances before the court." *Id.* at 796-97. Likewise, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d

---

probation and was ordered to serve ninety days of his previously-suspended sentence, claimed his one-year sentence had been fully served because he had served 308 days on probation and eighty-two days incarcerated (inclusive of good time credit) and asked for a determination that "for each day he served on probation he also served one day of his suspended sentence," which request we rejected, holding that the trial court's order directing him to serve ninety days of his previously-suspended sentence did not contravene statutory authority), relying in part on *Jennings v. State*, 982 N.E.2d 1003 (Ind. 2013).

184, 188 (Ind. 2007). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* A trial court is not required to balance "aggravating or mitigating circumstances when imposing sentence in a probation revocation proceeding." *Treece v. State*, 10 N.E.3d 52, 59-60 (Ind. Ct. App. 2014) (citing *Mitchell v. State*, 619 N.E.2d 961, 964 (Ind. Ct. App. 1993), overruled in part by *Patterson v. State*, 659 N.E.2d 220, 223 n.2 (Ind. Ct. App. 1995)), *trans. denied*.

[11] In support of his arguments, Lill specifically maintains that when he was arrested for the child exploitation and pornography offenses, he "admitted his crime right away;" he served his eight-year executed sentence and almost seven years of his eight-year suspended sentence "without ever having received even a minor violation;" he "never had a positive drug screen result for alcohol or drugs;" he met regularly with his probation officer and completed the tasks assigned to him by probation; he paid his fees; and, when he violated his probation, he readily admitted to the violation. Appellant's Br. p. 11. In an attempt to explain the probation violation, Lill claims that he "discussed looking for a job with probation;" "having misunderstood the discussion, [he] went to the public library to apply for jobs online . . . [; and a]s it happened, his probation officer arrived as [he] was looking up the dog question . . . ." *Id.* at

11-12. He emphasizes that "[t]here was no allegation or even indication that he was on the internet to look at child pornography." *Id.* at 12.

[12] We are not persuaded by these arguments, and Lill's claims that he exhibited model behavior while on probation and that his violation was "relatively technical in nature" are, likewise, unavailing. *Id.* The record reveals that Lill knew that, as a condition of his probation, he was not allowed to access the internet. His probation officer testified that, a few days before Lill violated his probation by accessing the internet at the Ohio County public library, she and Lill "specifically talked about the internet." Tr. p. 19. She explained to Lill that he was not allowed to access the internet; and, Lill told her he did not want internet access available to him because he "did not want that temptation." *Id.* Despite the admonition, Lill accessed the internet. Lill's probation officer met with him again, on June 18, 2018. Approximately one hour later, the officer was notified that Lill was at the Lawrenceburg public library, accessing the internet. What concerned the trial court about the violation was that Lill's unauthorized use of the internet was similar to his use of the internet when he committed child exploitation, that is, he used a public terminal to commit the crimes. Given these circumstances and that the trial court is not required to consider mitigating circumstances when imposing a sanction for a probation violation, we cannot say that the trial court abused its discretion in ordering Lill to serve four years of his previously-suspended sentence.

[13] Lill also argues that the trial court abused its discretion by extending his probation by one year. According to Lill, the "imposition of an additional year

of probation, on top of the maximum eight (8) year suspended sentence has the effect of forcing Lill to serve more than the maximum sentence allowed by law." Appellant's Br. p. 13. We disagree. As noted above, "[i]f the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may . . . [e]xtend the person's probationary period for not more than one (1) year beyond the original probationary period." Ind. Code § 35-38-2-3(h)(2). At the time Lill violated his probation, he had a little over one year remaining in his original probationary period. Thus, the trial court was well within its discretion to extend Lill's probationary period by one year.

# Conclusion

[14] The trial court did not abuse its discretion by ordering Lill to serve four years of his previously-suspended eight-year sentence and extending his probation by one year. We affirm.

[15] Affirmed.

Kirsch, J., concurs.

Baker, J., dissents with separate opinion.

| | |
|---|---|
| Robert B. Lill, | Court of Appeals Case No. |
| *Appellant-Defendant,* | 18A-CR-2141 |
| v. | |
| State of Indiana, | |
| *Appellee-Plaintiff* | |

**Baker, Judge, dissenting.**

[16]   Because I believe the trial court has inappropriately ordered Lill to serve four years of his previously-suspended eight-year sentence, I respectfully dissent. I take issue with two things.

[17]   First, I decry the trial court's imposition of such a harsh condition of probation. It is well established that probation conditions "may impinge upon a probationer's right to exercise an otherwise constitutionally protected right because 'probationers simply do not enjoy the freedoms to which ordinary citizens are entitled.'" *Patton v. State*, 990 N.E.2d 511, 515 (Ind. Ct. App. 2013) (quoting *Purdy v. State*, 708 N.E.2d 20, 22 (Ind. Ct. App. 1999)). But when a

condition of probation amounts to a blanket ban on internet access, it becomes, I believe, unreasonably burdensome.

[18] Our Supreme Court has discussed internet restrictions as conditions of probation:

> As we said, we live in an internet-saturated society. Cyberspace presents the primary conduit for information and communication. Given the importance and prevalence of the internet in today's world, we must decide when it is reasonable to curtail a probationer's internet access. Put differently, when is an internet restriction reasonably related to the probationer's rehabilitation and reintegration into society, and when does it protect the public from future harm?

*Weida v. State*, 94 N.E.3d 682, 692 (Ind. 2018).

[19] Here, the State undoubtedly has an interest in protecting the public safety by restricting Lill's internet access given the nature of his criminal acts. However, Lill also has an interest in reintegrating with society, and a primary method of doing so in today's day and age is through internet access and broadband communication. *See id.* at 687 (explaining that "[w]e apply for jobs, we file tax returns, we pay bills, we attend college, we read the news, we navigate, we communicate, we shop—all online[]"). The record shows that Lill was using the internet to search for jobs, a key tool for those looking to rehabilitate themselves after serving time. Although Lill did not challenge this condition of probation as unconstitutionally broad or burdensome on appeal, I admonish trial courts to avoid similarly wide-ranging internet bans in the future. *See Bratcher v. State*, 999 N.E.2d 864, 878-79 (Ind. Ct. App. 2013) (finding that

defendant's internet restriction was reasonable where he could not access websites or domains "frequented by children" but could otherwise check his work email, visit other websites, and post on social media); *see also Smith v. State*, 779 N.E.2d 111, 118-19 (Ind. Ct. App. 2002). In other words, it would have been a reasonable condition of probation to restrict Lill from visiting certain websites; a complete ban on internet access goes too far.

[20] Second, the trial court's order that Lill serve four years of his previously-suspended eight-year sentence is unduly severe. This is not to say that the crimes to which Lill pleaded guilty did not warrant punishment. But, I take issue with the majority's dismissal of Lill's arguments that he had complied substantially with the terms of his probation and that he has exhibited excellent behavior since pleading guilty. While the trial court is not required to consider mitigating factors when imposing a sanction for probation, *Treece v. State*, 10 N.E.3d 52, 59-60 (Ind. Ct. App. 2014), Lill's record is telling.

[21] Lill pleaded guilty to his crimes almost immediately, he never tested positive for alcohol or drugs, he worked closely and communicated frequently with his probation officer, he paid his fees, and, as far as the record shows, he never accessed the internet during his probation. And, after his parole officer found him on the internet, Lill readily admitted to the violation and explained why he logged on in the first place. Nothing suggests that Lill planned to access the internet on that day to search for, download, or view child pornography. All evidence indicates that Lill was searching for a job after his conversation about employment options with his probation officer left him confused. And, Lill's

Google search on whether dogs can sniff out electronic devices could be viewed as Lill simply testing the veracity of the probation officer's claims rather than as an attempt to intentionally circumvent the conditions of his probation.

[22] Lill committed a heinous crime, and the State offered him a generous plea bargain, to which he agreed. And, Lill did violate a term of his probation. However, to penalize someone for wanting to integrate back into society with four additional years of incarceration is unreasonably stringent, especially when Lill only had one year left of his sentence. In so doing, the majority sets a unusually harsh, zero-tolerance policy for even the most minor of violations. While "violation of a single condition of probation is sufficient to revoke probation[,]" *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007), such a revocation and subsequent imposition of years for this type of infraction is draconian at best.

[23] For the foregoing reasons, I would reverse the trial court's sentencing decision. I respectfully dissent.