## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2019, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kyla Taylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | July 16, 2019<br><br>Court of Appeals Case No.<br>18A-CR-3149<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable David M. Hooper,<br>Magistrate<br><br>Trial Court Cause No.<br>49G12-1806-CM-19620 |

**Mathias, Judge.**

[1] Kyla Taylor ("Taylor") pleaded guilty in Marion Superior Court to Class A misdemeanor carrying a handgun without a license. The trial court sentenced

Taylor to 365 days, with two days credit time and 363 days suspended. The trial court ordered 180 days of non-reporting probation. Taylor appeals and argues her sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

## Facts and Procedural History

[2] In November 2017, Taylor purchased a handgun for personal protection. Tr. p. 9. She worked in adult entertainment and frequently encountered harassment from customers after her shift ended. *Id*. She did not obtain a handgun permit. *Id*. at 6.

[3] On June 18, 2018, Taylor lent her phone to a group of men at a gas station. *Id*. at 9. She did not know the men and was unaware that the Indianapolis Metropolitan Police Department was searching for the men in connection with a stolen vehicle. *Id.*, Appellant's App. p. 15. The police arrived at the scene while Taylor was standing next to the stolen vehicle and wanted men. Appellant's App. p. 15. The police detained and searched Taylor. *Id*. She told the police that she had a handgun in her purse and stated she had never attempted to obtain a permit. *Id*. The police confirmed Taylor did not have a valid handgun permit and placed her under arrest. *Id*.

[4] Taylor was charged with and pleaded guilty to one count of Class A misdemeanor carrying a handgun without a license. *Id*. at 16. The trial court gave the following sentencing statement:

> Well, this is difficult. I understand how seriously the State takes its gun charges. And, requesting some sort of probation makes sense. I completely understand the defendant's story. . . She just should have got [sic] a permit. . . She has no criminal history and she's obviously indigent. I don't think she's likely to reoffend. . . We're just going to make sure, Ms. Taylor, yeah, that you are not going to reoffend; okay? So there's going to be time hanging over your head if you violate non-reporting probation for six months…[A]ll you've got to do is not get in trouble.

Tr. pp. 12–13. The trial court sentenced Taylor to 365 days, with two days credit time and 363 days suspended. *Id.* at 13. She was also given 180 days of non-reporting probation. *Id*. The trial judge ordered Taylor's handgun returned to her as long as she could legally carry the gun. *Id*. at 14. Taylor now appeals, arguing her sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Discussion and Decision

Appellate courts may revise a sentence if the court finds the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The question is whether the defendant's sentence is inappropriate, not whether another sentence is more appropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The principal role of Rule 7(B) is to "leaven the outliers" rather than to "achieve a perceived 'correct' result[.]" *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Appellate courts thus conduct Rule 7(B) sentencing review with substantial deference to the trial court's sentencing decision. *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014).

Taylor argues that her sentence is inappropriately harsh because the trial court imposed the maximum allowable sentence. Appellant's Br. at 6. A defendant convicted of a Class A misdemeanor faces a maximum term of incarceration for one year. Ind Code § 35-50-3-2. Taylor was sentenced to 365 days.

In assessing whether a sentence is inappropriate, appellate courts may consider all aspects of a defendant's sentence, including whether a portion of the sentence is suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

Although Taylor received a 365-day sentence, 363 days were suspended, and she spent a single day in jail. In regard to the nature of the offense, we cannot conclude that a serving a single day in jail is an inappropriately harsh sentence for carrying an unlicensed handgun in violation of the law. In regard to the nature of the offender, the trial court noted that Taylor has no adult criminal history and is unlikely to reoffend. Although the suspended sentence leaves open the possibility that Taylor could serve the full term of her sentence, a combination of a suspended sentence and probation can serve as an incentive to encourage good behavior. *See Jennings v. State*, 982 N.E.2d 1003, 1008–09 (Ind. 2003). As long as Taylor does not reoffend, she will have served a single day of jail time. A 365-day sentence with 363 days suspended and six months of non-reporting probation is not inappropriate in light of the nature of the offense and the character of the offender.

[8] Affirmed.

May, J., and Brown, J., concur.