## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 10 2020, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Peru, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason R. Hagerty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 10, 2020

Court of Appeals Case No.
20A-CR-347

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1310-FA-862

**Mathias, Judge.**

[1] Jason R. Hagerty appeals from an order of the Howard Superior Court directing him to serve the balance of his previously suspended sentence in the

Department of Correction ("DOC"). Hagerty contends that the trial court's order and its determination of his jail credit time constitute an abuse of discretion.

We affirm.

## Facts and Procedural History

In October 2013, the State charged Hagerty with Class A felony dealing in methamphetamine, Class C felony possession of a controlled substance, Class D felony possession of methamphetamine, and Class D felony possession of chemical reagents or precursors with intent to manufacture a controlled substance. Pursuant to a plea agreement, Hagerty pleaded guilty to Class B felony dealing in methamphetamine. He was sentenced on March 26, 2014, to ten years in the DOC, with six years executed and four years suspended to probation.

In April 2015, Hagerty requested that the trial court modify his sentence, and it did so on June 16, 2015. The terms of the modified sentence suspended the balance of Hagerty's six-year executed sentence to supervised probation. The modified sentence also permitted Hagerty's release from the DOC to a community transition program. Following Hagerty's successful completion of the program, the trial court ordered, on August 22, 2016, that three years of the balance of Hagerty's suspended sentence be served on supervised probation.

The State filed a petition to revoke Hagerty's suspended sentence on September 24, 2018, alleging violation of the terms of his probation. On May 14, 2019,

Hagerty admitted to the alleged violation and was sentenced to serve the balance of his previously suspended sentence—2,102 days—executed in a community corrections work release program. On September 23, 2019, the State filed a notice of Hagerty's non-compliance with the terms of his work release placement and a petition to revoke his suspended sentence. After a fact-finding hearing, the trial court ordered that Hagerty serve 120 days of the previously suspended sentence in jail; following the executed jail time, Hagerty was ordered to serve ninety days at an in-patient treatment center; and following treatment at the center, the trial court ordered Hagerty back to the work release placement for the balance of his sentence.

[6] Hagerty was unsuccessfully discharged from the in-patient treatment center prior to the ninety-day period, and on December 31, 2019, the State filed a second notice of non-compliance with the terms of his community corrections placement. Hagerty admitted to the alleged violation on January 28, 2020, and was sentenced to serve the balance of his suspended sentence—1,504 days—in the DOC. This appeal followed.

## Discussion and Decision

[7] Hagerty contends that the trial court abused its discretion in ordering him to serve the balance of his previously modified and suspended sentence in the DOC. The State counters that the trial court's order was not an abuse of discretion because it constitutes an appropriate sanction for Hagerty's most recent violation of the terms of his community corrections placement.

[8] A trial court's sentencing decision for a violation of probation is reviewed for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the trial court's decision is "clearly against the logic and effect of the facts and circumstances." *Id.* An abuse of discretion may also occur where the trial court misinterprets the law. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). The violation of a single condition of a community corrections placement is sufficient to support revocation. *Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010). Where a trial court determines, based on a preponderance of the evidence, that a community corrections violation has occurred, it may revoke a defendant's placement in the program and order that all or part of the balance of the defendant's previously suspended sentence be executed in the DOC. *Christie v. State*, 939 N.E.2d 691, 694 (Ind. Ct. App. 2011) (citing Ind. Code § 35-38-2.6-5); I.C. § 35-38-2-3(h)(3).

[9] Hagerty's argument relies on his interpretation of the effect of the trial court's 2015 and 2016 modifications to his sentence. Hagerty contends that, as a result of the modifications, the term of his suspended sentence was shortened to three years. Appellant's Br. at 9. According to Hagerty, the trial court's 2020 revocation of his probation and its imposition of the balance of his sentence executed in the DOC is an abuse of discretion that warrants reversal. For the following reasons, we disagree.

[10] In 2014, Hagerty received a ten-year sentence; six of those years were ordered executed, and four were suspended to probation. Hagerty successfully

petitioned for a modification of his sentence in 2015. The trial court issued the following modification on June 16, 2015:

> The Defendant's sentence shall be modified to provide for release from the [DOC] on December 12, 2015. The Defendant is approved for the Community Transition Program effective June 16, 2015, under Electronic Monitoring, Day Reporting and/or Reentry Court Supervision through Howard County Community Corrections.
>
> *The Defendant's sentence is further modified to reflect that the balance of the Defendant's executed sentence is hereby suspended, to be served on Supervised Probation.*

Appellant's App. p. 71 (emphasis added).

[11]   The effect of the emphasized portion of the above-quoted order was not to abbreviate Hagerty's ten-year sentence; rather, the order modified the sentence by suspending the balance of the six-year executed portion to supervised probation. The previously suspended four-year portion was unaffected, the result being that, as of June 16, 2015, Hagerty faced a nine-year suspended sentence, five years of which were to be served on supervised probation. We observe here the accepted relationship between the imposition of concurrent probation and suspended sentences. As our supreme court has explained, "the two work in concert." *Jennings v. State*, 982 N.E.2d 1003, 1008 (Ind. 2013). According to *Black's Law Dictionary*, probation is a "court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison." *Id.* (9th ed. 2009).

Whereas a suspended sentence is a "sentence postponed so that the convicted criminal is not required to serve time unless he . . . commits another crime or violates some other court-imposed condition. A suspended sentence, in effect, is a form of probation." *Id.* Probation can be thought of a "test" to be passed in order to avoid serving the balance of a suspended sentence.

[12] After the modification of his sentence, Hagerty was released from the DOC, enrolled in the court's reentry program, and determined to have successfully completed the program on August 22, 2016. *See* Appellant's App. pp. 73–77. The trial court's determination on that date included a second modification to Hagerty's sentence:

> The Defendant, having successfully completed the Howard Superior Court I Re-Entry Court Program, the Court now modifies the Defendant's sentence as follows:
>
> The Defendant shall serve three (3) years of the suspended sentence on Supervised Probation.

Appellant's App. p. 77.

[13] As explained, *supra*, as of June 2015, the entirety of the balance of Hagerty's ten-year sentence was suspended to probation. Thus, the effect of the trial court's second modification to his sentence, in August 2016, was to specify that just three of those years would be served in supervised probation; the total

length of the suspended sentence was unaffected.[1] We agree with the State that Hagerty's "exposure was still any remaining time, whether it had been originally ordered executed or suspended, from his sentence of [ten years]." Appellee's Br. at 9.

[14] Therefore, the trial court did not abuse its discretion when it revoked Hagerty's community corrections placement in its January 28, 2020, order, following Hagerty's admission to violating the terms of his probation. Ordering that Hagerty serve the balance of his previously suspended sentence in the DOC is an appropriate sanction for Hagerty's violation of the terms of his community corrections placement. *See, e.g., Cox v. State*, 850 N.E.2d 485, 489 (Ind. Ct. App. 2006) (trial court did not abuse its discretion in ordering that defendant serve his full suspended sentence in the DOC following probation revocation).

[15] Hagerty's second argument is that the trial court abused its discretion in calculating applicable jail credit time in its order revoking his placement in community corrections. Specifically, the trial court's February 6, 2020, sentencing order found that Hagerty "has no jail time credit as of [January 28, 2020] served while awaiting disposition in this matter." Appellant's App. p.

---

[1] We note, though, that even the State appears to have misstated the effect of the trial court's modifications to Hagerty's sentence at least once. In its petition alleging Hagerty's violation of the terms of his probation, filed in late 2018, the State wrote, "On August 22, 2016 . . . [t]he Defendant's sentence was modified to 3 years on Supervised Probation." Appellant's App. p. 80. Based on the imprecision of this statement, Hagerty's own apparent misunderstanding of the balance of his sentence after its modification is not impossible to fathom. We urge trial courts to take appropriate measures to ensure the veracity of a finding in a sentencing order that a defendant understands his "possible sentence" upon entering a plea.

122. Hagerty was unsuccessfully discharged from his placement at an in-patient treatment center on December 30, 2019, and returned to the Howard County jail that same day. *Id.* at 118. He was sentenced to 1,504 days of incarceration after a hearing on January 28, 2020. At that hearing, the trial court noted that the balance of Hagerty's suspended sentence had been 1,954 days at the time of his most recent resentencing, in May 2019. Tr. p. 14. The trial court stated that, in reaching its 1,504-day sentence, it was crediting the time since May 2019 that Hagerty had spent at in-patient treatment, on work release, and in jail. *See* Tr. p. 14. Thus, the trial court did not abuse its discretion in finding in its written order that Hagerty "has no jail time credit," because the trial court had already factored Hagerty's applicable credit time into the 1,504-day sentence it imposed.

## Conclusion

[16] For the foregoing reasons, we hold that the trial court did not abuse its discretion in ordering that Hagerty serve the balance of his previously suspended sentence in the DOC, nor in calculating that balance to be 1,504 days.

[17] Affirmed.

Riley, J., and Tavitas, J., concur.