# FOR PUBLICATION



FILED

Nov 05 2013, 5:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTINA M. TRENT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREW WANN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1303-CR-123 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff, | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Mark A. Smith, Judge
Cause No. 32D04-0905-CM-228

**November 5, 2013**

**OPINION – FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Andrew Wann ("Wann") appeals an order revoking his probation and ordering that he serve 90 days of a 365-day suspended sentence.  We affirm.

**Issues**

Wann presents two issues for review:

I.      Whether the trial court admitted a urinalysis report in violation of Wann's due process rights as a probationer; and


II.     Whether the order that he serve 90 days of his suspended sentence contravenes statutory authority.


**Facts and Procedural History**

On November 10, 2009, Wann pled guilty to Possession of Marijuana, as a Class A misdemeanor.  He was sentenced to 365 days of imprisonment, all suspended to probation.  As conditions of his probation, Wann agreed to drug testing and also that toxicology results obtained by a probation officer would be admissible in revocation proceedings.

After testing positive for marijuana use, Wann was arrested.  He was released on bond the following day, admitted to a probation violation, and was ordered to serve 30 days of his suspended sentence (with credit for one day actually served and one day of good time credit). He was released and returned to probation.

The State filed a second Notice of Probation Violation, alleging that Wann had tested positive for marijuana use on September 16, 2010.  Nearly two years later, on July

2

13, 2012, Wann was arrested. He was released from jail on August 7, 2012 to await a hearing.[1]

At the evidentiary hearing conducted on March 12, 2013, Wann argued that he had effectively served 308 days of his suspended sentence by serving 308 days of probation and, when aggregated with his 82 days of imprisonment, his misdemeanor sentence had been fully served. The trial court found that Wann was still on probation when he violated a term of his probation by using marijuana. Wann's probation was revoked and he was ordered to serve 90 days of his previously-suspended sentence in the Hendricks County Jail.

## Discussion and Decision

### I. Toxicology Report

Wann contends that the trial court improperly admitted hearsay evidence in determining whether he had violated a term of his probation. Over Wann's hearsay objection, a probation officer was permitted to testify that Wann had "tested positive" for marijuana. (Tr. 3.) Contemporaneously, the trial court admitted as an exhibit a toxicology report from Redwood Toxicology Laboratory indicating that Wann's screen of September 16, 2010 had shown "positive" results for marijuana. (St. Ex. 2.) Wann now asserts that the documentary evidence was not substantially trustworthy so as to satisfy

---

[1] This resulted in credit for 26 days of actual incarceration and 26 days good time credit, for an aggregate of 52 days. Combined with the prior 30 days, Wann's total period of incarceration was 82 days.

his due process rights as a probationer. In particular, he suggests that an affidavit from the testing toxicologist was required.[2]

A probation revocation hearing is not equivalent to an adversarial criminal proceeding. Cox v. State, 706 N.E.2d 547, 550 (Ind. 1999). However, the Due Process Clause applies to probation revocation proceedings, and the due process rights of a probationer include: "written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and a neutral and detached hearing body[.]" Id. at 549.

Because probation revocation procedures "are to be flexible, strict rules of evidence do not apply." Id. The scope of the right to confrontation as defined in Crawford v. Washington, 541 U.S. 36 (2004), does not apply in such proceedings. Reyes v. State, 868 N.E.2d 438, 440 n.1 (Ind. 2007). In Cox, the Court held that judges could consider hearsay "bearing some substantial indicia of reliability," but declined to adopt a particular approach to determining that reliability. 706 N.E.2d at 551. Subsequently, in Reyes, the Indiana Supreme Court adopted a "substantial trustworthiness" test. 868 N.E.2d at 440.

In Reyes, the State had filed a notice of probation violation alleging that Reyes had violated his probation by testing positive for cocaine. Id. at 439. At a hearing, the State submitted the affidavit of the scientific director of the laboratory that conducted the urinalysis of Reyes's sample, together with related documents. Id. The director did not testify at the hearing, and Reyes objected to the affidavits as hearsay and claimed that the

---

[2] He does not develop a separate argument with respect to the admissibility of the probation officer's testimony.

4

admission of the affidavit without live testimony would violate his right of confrontation. Id. The trial court admitted the affidavits and revoked Reyes's probation. Id. The probation revocation was affirmed by the Indiana Supreme Court. Id. at 443.

In reaching its decision, the Court observed that hearsay evidence may not be admitted "willy-nilly." Id. at 440. However, although there may sometimes be no adequate alternative to live testimony, due process does not prohibit substitutes where appropriate, including affidavits, depositions, and documentary evidence. Id. (citing Gagnon v. Scarpelli, 411 U.S. 778, 782-83 n.5 (1973)). Where the State has shown that the hearsay "bears substantial guarantees of trustworthiness," the State need not additionally show good cause for not producing live testimony. Id. at 441. The trial court must evaluate the reliability of the hearsay evidence and, ideally, the trial court should explain on the record why the hearsay is reliable and why that reliability is substantial enough to supply good cause for not producing live witnesses. Id. at 442.

Here, probation officer McCleese[3] testified that he had observed the administration of the drug screen to Wann and that the sample was then sealed, labeled, and sent to Redwood Toxicology Laboratory for testing. According to McCleese, similar tests were administered by his department and sent to Redwood Toxicology on a routine basis. The trial court concluded that the report was admissible. Wann now contends that the trial court's conclusion is erroneous, because the hearsay evidence in his case falls short of the level of trustworthiness of that submitted in Reyes. He implicitly argues that the

---

[3] In the record, the probation officer is identified only by his surname.

"substantial trustworthiness" test of Reyes requires an affidavit and a scientific opinion validating drug screen results. We discern no such requirement in Reyes.[4]

Moreover, Wann ignores a crucial distinction between his circumstances and those present in Reyes. Wann had signed an agreement containing the provision: "You shall submit to alcohol and drug tests when requested by the Probation Department or any Law Enforcement Officer. You shall waive any objection to the admissibility of the results of the test as they are received by the Court into evidence at any Revocation Hearing." (State's Ex. 1.) That is, Wann agreed in advance to the admissibility of the test results and made no claim in probation revocation proceedings that the admissibility agreement is unenforceable. Wann has thus not demonstrated that the trial court admitted the toxicology report in contravention of his due process rights.

## II. Order to Serve 90 Days of Sentence

Probation may be revoked for a violation of a probation condition. Runyon v. State, 939 N.E.2d 613, 616 (Ind. 2010). Indiana Code Section 35-38-2-3(h) provides as follows:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the

---

[4] A panel of this Court has recently concluded that the record of probation revocation proceedings supported a determination of substantial trustworthiness of "a routine report demonstrating that [appellant] had tested positive for marijuana." Williams v. State, 937 N.E.2d 930, 934 (Ind. Ct. App. 2010). The urinalysis had been performed by the president of the company handling Williams's home detention, the report contained a signed chain of custody signed by Williams and the president, and an employee of the home detention company had testified and explained the report and the date and time of sample collection. Id.; see also Holmes v. State, 923 N.E.2d 479, 484 (Ind. Ct. App. 2010) (substantial trustworthiness existed for urinalysis report where the toxicologist affirmed under penalty of perjury that the sample was received under controlled conditions and processed in accordance with laboratory standard operating procedures and the scientist affirmed that the sample was handled in accordance with applicable requirements).

6

probationary period, the court may impose one (1) or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Generally speaking, as long as the trial court follows the procedures outlined in Indiana Code Section 35-38-2-3, the trial court may properly order execution of a suspended sentence. Abernathy v. State, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006).

Here, however, Wann argues that the order that he serve of a portion of his previously-suspended sentence contravenes other statutory authority. Wann had served 308 days on probation prior to his violation. By the time of the revocation hearing, he had been incarcerated for a total of 82 days (inclusive of good time credit). He claims that his sentence has been fully served and the order for 90 days imprisonment violates the statutory maximum of Indiana Code section 35-50-3-1, which provides in relevant part:

> The court may suspend any part of a sentence for a misdemeanor. . . .

> However, the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year.

He directs our attention to Jennings v. State, 982 N.E.2d 1003 (Ind. 2013). Appellant Jennings, convicted of a Class B misdemeanor, had been sentenced to 30 days executed time, 150 days suspended, and 360 days of probation; on appeal he challenged the

7

sentence as in excess of the statutory maximum of section 35-50-3-1 and thus illegal. Id. at 1004. The Court was asked to decide whether a suspended sentence was part of the term of imprisonment. See id.

Wann asserts that our Supreme Court determined in Jennings that the trial court may not order an executed sentence and term of probation that aggregate to more than one year but "to the best of Wann's knowledge, there is no case law discussing how this provision should be interpreted as applied to revocations of probation, after a term of probation has already been served." Appellant's Brief at 7. He urges a construction such that a suspended sentence is "run concurrently with probation on a misdemeanor conviction." Appellant's Brief at 8.

Wann is correct insofar as he observes that Jennings clarified: "a combined term of probation and imprisonment may not exceed one year, notwithstanding the maximum term of imprisonment for the misdemeanor." 982 N.E.2d at 1005. Additionally, our Supreme Court specifically held that the phrase "term of imprisonment" embodied in Indiana Code Section 35-50-3-1, for purposes of misdemeanor sentencing, does not include suspended time. Id. at 1005-06. "For the purpose of Indiana Code § 35-50-3-1, 'term of imprisonment' means the total amount of time a misdemeanant is incarcerated." Id. at 1009. Ultimately, the Court remanded Jennings' case "for imposition of a probationary period consistent with this opinion, not to exceed 335 days – the difference between one year (365 days) and the 30 days Jennings was ordered to serve in prison." Id.

The State does not dispute that Wann was on probation for 308 days or imprisoned for 82 days. Rather, the State argues that Wann's "days of probation" are not included in the "term of imprisonment" limited by Indiana Code § 35-50-1-3 and that Wann has not "served his sentence" by having been on probation. State's Brief at 11.

As a threshold matter, we observe that the statute construed in Jennings deals with the trial court's imposition of a misdemeanor sentence. Wann is not directly appealing his 365-day sentence as exceeding the misdemeanor statutory maximum. Instead, he seeks to extrapolate language from Jennings to calculate his time served in a manner that would lead to the conclusion that he was no longer subject to any period of incarceration by the time of his probation revocation hearing. Wann requests that we determine that for each day he served on probation he also served one day of his suspended sentence. In other words, he would be credited with having been on probation 308 days and having served 308 days of his suspended sentence (in addition to serving 82 days of his suspended sentence while in actual confinement). Thus, in his view, no day of his suspended sentence remained.

At first blush, there appears to be language in Jennings supportive of Wann's position: "[p]robation and suspended sentences are widely imposed concurrently in order to ensure the probationer's good behavior. The two work in concert. … A suspended sentence, in effect, is a form of probation." Jennings, 982 N.E.2d at 1008.[5] Importantly,

---

[5] The Court also observed that, in prior case-law, "probation and suspended sentence were considered together as two parts of the same whole." Jennings, 982 N.E.2d at 1006 (citing Smith v. State, 621 N.E.2d 325 (Ind. 1993).

however, <u>Jennings</u> involved an allegation that the sentence imposed exceeded statutory authority and did not overrule any probation revocation statute.

Consistent with the reasoning of <u>Jennings</u>, Wann as a misdemeanant was subject at his sentencing hearing to a maximum term of 365 days, all executed, all on probation, or divisible between probation and imprisonment. He received a sentence within that statutory range. <u>See</u> I.C. § 35-50-3-1. Subsequently, the issues before the trial court considering the probation revocation petition were whether the petition to revoke was timely filed, whether Wann was on probation on September 16, 2010 – the date of the drug screen – and whether he violated a term of his probation.

From the date of Wann's November 10, 2009 sentence to his September 16, 2010 violation, 308 days had elapsed. The State alleged the violation within the probationary period, and subsequently proved the violation. Accordingly, the options of Indiana Code section 35-38-2-3(h) were available to the trial court, including an order for "execution of all or part of the sentence that was suspended at the time of initial sentencing." The trial court acted within its statutory discretion to order that Wann serve 90 days in jail.

**Conclusion**

Wann has not shown that he was denied due process by the admission of hearsay evidence at the probation revocation hearing. Additionally, the order that he serve 90 days of his previously-suspended sentence does not contravene statutory authority.

Affirmed.

MAY, J., and BRADFORD, J., concur.

10