## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Oct 02 2015, 9:09 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Brooke N. Russell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elizabeth Benham,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 2, 2015

Court of Appeals Case No.
36A04-1504-CR-132

Appeal from the Jackson Circuit Court;
The Honorable Frank W. Guthrie, Senior Judge;
36C01-1310-FD-427

**May, Judge.**

[1] Elizabeth Benham appeals the revocation of her probation. She argues the trial court erroneously admitted evidence of a positive oral swab drug screen. Finding no reversible error in the admission of that evidence, we affirm.

## Facts and Procedural History

[2] On March 20, 2014, Benham entered a plea of guilty to Class D felony receiving stolen property[1] as part of a written plea agreement in which the State agreed to drop other charges. The plea agreement provided Benham would be sentenced to one year, with all but time already served suspended to probation. On April 17, 2014, the court accepted the plea agreement and Benham was sentenced in accordance therewith.

[3] One of the terms of Benham's probation was that she would not use or possess controlled substances or legend drugs, unless prescribed by a physician. Another term was that she would permit any type of test or sample to be taken from her for the purpose of discovering the presence of banned substances.

[4] During the course of her probation, Benham admitted to her probation officer, Jacob Findley, she had ingested banned substances, including heroin. The State filed a petition to revoke her probation, and the court held a hearing on February 4, 2015. At the hearing, Benham admitted violating her probation and also reported she had prescription medications on record. Benham, the

---

[1] Ind. Code § 35-43-4-2(b) (2009).

State, the probation department, and the trial court reached an agreement whereby Benham would submit to a drug screen and the result thereof would determine her sanction for drug use. If she tested negative for drugs, she would be allowed to continue on probation; however, if she tested positive, she would be ordered to execute her previously suspended sentence.

[5] Immediately following the hearing, Findley collected a sample of Benham's saliva using an oral swab and sent the sample to the Redwood Toxicology Laboratory in California for testing. Findley later obtained the test result from the Redwood Toxicology Laboratory website, and it was positive for heroin or opiates. Findley telephoned the laboratory, and a toxicology support representative confirmed the positive result could not be due to Benham's prescription medications.

[6] The court held another hearing to determine Benham's sanction. At the hearing, Findley testified the probation department tests for drugs using either saliva or urine samples. He testified he followed the normal procedures for collecting the saliva sample from Benham, shipping the sample to Redwood Toxicology Laboratory for testing, and retrieving the results from the laboratory web site. Findley also testified to his knowledge of the laboratory testing procedure based on a video he had viewed. The drug test results were accompanied by a standard certifying statement from the laboratory's chief toxicologist, which indicated the test was performed according to standard procedure, and the results had been reviewed by a scientist. Benham objected to the admission of the test results based on the reliability of the test and the

adequacy of the chain of custody of the sample. The court admitted the positive drug test into evidence over Benham's objection, revoked her probation, and ordered her to serve her previously suspended sentence incarcerated.

## Discussion and Decision

[7] We find no reversible error in the admission of Benham's oral fluid drug screen results at her probation revocation and sanctions hearing. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). The conditions for probation and whether to revoke probation when those conditions are violated are left to the discretion of the trial court. *Id.* We review probation violation determinations and sanctions for abuse of discretion. *Id.*

[8] A probation revocation proceeding is civil in nature and a probationer is not entitled to all of the rights afforded to a criminal defendant. *McCauley v. State,* 22 N.E.3d 743, 748 (Ind. Ct. App. 2014), *reh'g denied*, *trans. denied*. The due process requirements for probation revocation hearings are more flexible than in a criminal prosecution. *Reyes v. State,* 868 N.E.2d 438, 440 (Ind. 2007). This flexibility allows courts to enforce lawful orders, address an offender's personal circumstances, and protect public safety. *Id.* As such, courts may admit evidence during probation revocation hearings that would not be admissible in criminal trials. *Id.*

[9] To admit hearsay evidence in a probation revocation hearing, the proponent must demonstrate its substantial trustworthiness. *Id*. at 442. Under this test, a court should evaluate the reliability of the hearsay and explain why it is sufficiently reliable to supply good cause for not producing live testimony. *Id.* Thus, if a drug test is substantially trustworthy, the State is not required to produce an affidavit or scientific opinion before a drug test result is admissible. *Wann*, 997 N.E.2d 1103, 1105-1106 (Ind. Ct. App. 2013) (probation officer's hearsay testimony and the Redwood Toxicology Laboratory report were substantially trustworthy after officer testified to the administration, handling and transmission of the drug screen), *reh'g denied*.

[10] Here, Benham had already admitted violating her probation by ingesting banned substances including heroin. As the State notes, the trial court could have revoked her suspended sentence based on her admission without performing any test. Nevertheless, the trial court agreed to allow Benham to undergo a drug screen and, if she tested negative, to give her a reprieve from execution of her previously suspended sentence. Benham, along with the probation department and prosecutor's office, were parties to that agreement with the trial court. If Benham was concerned about the reliability of some forms of drug testing, she could have objected to the saliva test before she agreed to testing. Her failure to do so resulted in this error being waived for appeal. *See Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005) (Under the doctrine of invited error, "a party may not take advantage of an

error that she commits, invites, or which is the natural consequence of her own neglect or misconduct.").

[11] Waiver notwithstanding, Benham has not demonstrated error in the admission of the test result. The State provided evidence that it had followed the normal procedure of collecting the saliva sample, transmitting the sample to the testing laboratory, and retrieving the results. The State then verified with a Laboratory toxicology support representative that the positive result could not be due to Benham's prescription medications. The State also testified that it is standard practice for the trial court to admit oral swab drug screen results at a probation hearing.

[12] Urinalysis has been accepted as a means of drug-testing and deemed reliable by Indiana Courts. *Carter v. State*, 706 N.E.2d 552, 554 (Ind. 1999). We have held that testimony by a case manager as to the proper procedures followed for a urine drug screen was substantially reliable in a probation revocation hearing. *Bass v. State,* 974 N.E.2d 482, 487 (Ind. Ct. App. 2012). The absence of a toxicologist's or laboratory's affidavit in light of the case manager's testimony did not render the drug test results inadmissible. *Id.* Oral fluid tests have been found to be comparable to urine tests. 1 DRUG TESTING LAW TECH. & PRACTICE. § 5:16 (West 2015). As such, we hold that in a probation revocation hearing, the same standards apply for admitting oral fluid drug screens as does for admitting urine analysis drug screens.

Based on the foregoing, the testimony provided by the State as to Benham's oral swab test results provided sufficient proof that the results were substantially reliable to render them admissible. Accordingly, we affirm.

## Conclusion

The trial court did not abuse its discretion in revoking Benham's probation. We accordingly affirm.

Affirmed.

Crone, J., and Bradford, J., concur.