## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2018, 6:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mary P. Lake
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark Novak,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 24, 2018

Court of Appeals Case No.
46A05-1707-CR-1581

Appeal from the La Porte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause Nos.
46C01-1209-FA-453
46C01-1211-FA-540

**Baker, Judge.**

[1]     Mark Novak appeals the trial court's order revoking his probation. He asserts that the order violated his due process rights and that the trial court erred by executing the entirety of his suspended sentences with the Indiana Department of Correction (DOC). Finding no due process violation and no error, we affirm.

# Facts

[2]     On September 4, 2012, the State charged Novak with Class A felony possession of a narcotic drug. Pursuant to a written plea agreement, on January 10, 2013, Novak pleaded guilty to Class B felony possession of a narcotic drug. Following a February 21, 2013, sentencing hearing, the trial court sentenced him to six years, with three years executed in the DOC, one year in work release, one year on electronic monitoring, and one year suspended to probation.

[3]     On November 2, 2012, in an unrelated cause, Novak was charged with Class A and B felony dealing in a Schedule I controlled substance. On April 26, 2013, pursuant to another written plea agreement, the State dismissed the Class A felony charge and Novak pleaded guilty to Class B felony dealing in a Schedule I controlled substance. On the same day, the trial court sentenced him to six years, with two years suspended to probation and the executed portion to be served consecutively to his first sentence. Under the terms of Novak's probation for both causes, he was not permitted to travel outside Indiana

without an order from the trial court; he was not permitted to use, purchase, or possess illegal drugs; and he was required to submit to alcohol and drug tests.

[4] On April 4, 2014, Novak filed a motion to modify his sentence under the second cause and, on August 1, 2014, the trial court granted the motion and modified the remainder of the executed portion of his sentence to work release, beginning December 7, 2014. On April 13, 2015, LaPorte County Community Corrections filed a petition to revoke Novak's placement, alleging that on three occasions in March 2015, he failed to report to work or return to the work release center. On July 14, 2015, after admitting to the violations at a hearing, Novak was sentenced to six months in the LaPorte County Jail. After serving that time, he returned to work release.

[5] On November 10, 2015, Novak was asked to submit to a drug test, and he admitted that it would likely come back positive for heroin and prescription drugs. Novak tested positive for heroin. On December 2 and 9, 2015, the probation department filed petitions to revoke Novak's suspended sentences under the second and first causes, respectively. On January 15, 2016, the trial court held a hearing on both petitions and issued a bond order, releasing Novak on his own recognizance and ordering him to report to probation and a program aimed at helping those with substance abuse problems. On the same day, Novak was referred to the Swanson Center and he completed his intake there. His probation officer testified that, besides his intake, she had not

received any confirmation that he had attended classes or otherwise completed the program.[1] Tr. Vol. III p. 7, 11-13.

[6] On March 21, 2016, Novak submitted to another drug test, which was positive for amphetamines; consequently, on April 5, 2016, the probation department filed a second petition to revoke under the second cause and, on April 15, 2016, the trial court issued a warrant for his arrest.

[7] After learning about the warrant and without contacting anyone, Novak absconded to Texas. In April 2017, Novak was arrested in Texas and extradited to Indiana. On May 26, 2017, the probation department filed a third petition to revoke under both causes, alleging that Novak had left the state without a trial court order.

[8] On June 8, 2017, the trial court held a hearing on the petitions. At the hearing, Novak testified that he had a substance abuse problem and admitted that he had used heroin and amphetamines and left the state without an order from the trial court. Appellant's Br. p. 8. After hearing testimony from Novak and his probation officer, the trial court found that he had violated the terms of his probation for "not cooperating fully with Swanson Center, by missing probation appointment meetings, by absconding to the State of Texas . . . , and by testing positive for drugs while on probation." Appellant's App. Vol. II p.

---

[1] She also testified that Novak failed to attend two scheduled probation appointments on December 4 and 15, 2015. Tr. Vol. III p. 10.

233. The trial court also noted that Novak failed to take advantage of his sentence modification and that the court believed that a "structured environment" was the "best defense against further relapses." Tr. Vol. III p. 27. Accordingly, the trial court revoked Novak's probation in both causes and ordered him to serve the remainder of the suspended portions of his sentences— a total of three years—with the DOC. Novak now appeals.

## Discussion and Decision

## I. Due Process

First, Novak contends that the trial court violated his due process rights. It is well established that "probationers are not entitled to the full array of constitutional rights afforded defendants at trial." *Lightcap v. State*, 863 N.E.2d 907, 910 (Ind. Ct. App. 2007). However, among other things, a probationer is entitled to written notice of the alleged violation. *Wann v. State*, 997 N.E.2d 1103, 1105 (Ind. Ct. App. 2013).

Novak contends that two of the bases upon which the trial court relied—the failure to cooperate with Swanson Center and missing probation appointment meetings—were not listed in the petitions to revoke; he argues that, consequently, he never received written notice of these violations and that it was improper for the trial court to base its decision on them.

A court may revoke a defendant's probation if "the person has violated a condition of probation during the probationary period" and the petition to revoke was timely filed. Ind. Code § 35-38-2-3(a). We have found the lack of

notice on one probation violation harmless when the probationer is found to have violated another condition of probation where adequate notice was provided. *E.g.*, *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005).

[12] In this case, it is undisputed that the terms of Novak's probation did not permit him to use drugs or leave the state without an order from the trial court. It is also undisputed that the petitions to revoke expressly identified these conditions. Appellant's App. Vol. II p. 46, 187, 217. Further, Novak admitted to taking heroin and amphetamines and leaving the state without an order from the trial court. Appellant's Br. p. 8. Thus, even if Novak did not receive notice of the other violations, because he admitted to violations for which he received written notice, any error was harmless. *See Bussberg*, 827 N.E.2d at 44.

[13] Novak argues that the failure to provide written notice on these two grounds was not harmless because the trial court was particularly "disturbed" by the allegations and, consequently, put undue emphasis on these violations. Appellant's Br. p. 12. He notes that the two bases at issue were the first on the order and that the trial court specifically questioned the probation officer about these offenses. He speculates that the trial court may not have sentenced him to the entirety of his suspended sentences had evidence of these violations not been admitted. He also insists that the lack of notice compromised his ability to put up a defense, because he was not prepared to prove exactly how many classes he had attended at Swanson Center.

[14]    We find little merit in Novak's arguments. Novak cites to no portion of the record nor do we find any that suggests that the trial court was particularly fixated on Novak's alleged non-compliance with Swanson Center or missed probation appointments. In any event, there is no prejudice to Novak with respect to the Swanson Center because he admitted that he stopped attending the classes altogether after he absconded to Texas.

[15]    In sum, because Novak admitted to violations for which he received adequate written notice, the trial court's order did not violate his due process rights.

## II. Placement with the DOC

[16]    Next, Novak contends that the trial court erred by executing the balance of his suspended sentences. Probation is a matter of grace left to the trial court's discretion rather than a right to which a defendant is entitled, and we will not reverse the trial court's decision unless the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). A trial court may revoke a defendant's probation for violation of a single condition of his probation, *e.g.*, *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015), and, once a violation is found, the trial court may execute all or part of a suspended sentence, I.C. § 35-38-2-3(h)(3).

[17]    Here, Novak admitted to violating his probation three times, but nonetheless argues that the trial court erred and was excessively harsh when it executed the suspended portions of his sentences. He emphasizes that this was the most severe choice available, that it was the first time his probation had been

revoked, and that the trial court heavily relied on the bases for which he claims he received deficient notice. He also claims that the decision is unduly severe because his positive test for amphetamines was the result of a mistake and because he went to Texas to see previously unmet family. We find his arguments unpersuasive.

[18] Initially, we note that the trial court repeatedly provided Novak with leniency. First, the trial court placed him on work release early by modifying his sentence. Despite this opportunity, just months after this placement, he violated its terms by failing to report to work or the work release center on three occasions. Still, the trial court only sentenced Novak to six months in jail and allowed him to return to work release afterwards. Novak squandered this chance as well by testing positive for heroin; yet, in its bond order, the trial court released Novak on his own recognizance and referred him to a program aimed at helping those with substance abuse problems to get the help he needed. However, Novak then fled to Texas after his positive test for amphetamines.

[19] Further, Novak admitted that he was drug-free while in the DOC but that, within two months of his placement with community corrections, he had tested positive for heroin, supporting the trial court's conclusion that Novak's sobriety will be best served in the DOC. And Novak admitted that he made a calculated decision to abscond to Texas because he was scared and embarrassed of the situation and he has offered no reason why his family reunion prevented him from contacting probation or the court for the better part of a year.

[20]     In sum, because Novak admitted to taking drugs and leaving the state while on probation, the trial court did not err by revoking his probation. Furthermore, considering the trial court's repeated attempts to provide leniency, Novak's continued failure to take advantage of these opportunities, and his most recent decision to abscond to Texas for the better part of a year, we cannot say that the trial court's decision to execute the suspended portions of his sentences with the DOC was clearly against the logic and effect of the facts and circumstances.

[21]     The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.