

FILED

Dec 31 2018, 11:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicholas L. Porter, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 31, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-1931 <br><br> Appeal from the Bartholomew <br> Circuit Court <br><br> The Honorable Kelly S. Benjamin, <br> Judge <br><br> Trial Court Cause No. <br> 03C01-1507-F6-3534 |

**Bailey, Judge.**

# Case Summary

[1]     Nicholas Porter ("Porter") pled guilty to Theft, as a level 6 felony. He received a sentence of two and one-half years, with two years suspended to probation. Following the revocation of his probation, Porter appeals, presenting the sole issue of whether the trial court abused its discretion in imposing a probation violation sanction. We affirm.

# Facts and Procedural History

[2]     On January 19, 2016, Porter pled guilty to one count of Theft. He was ordered to serve two and one-half years in the Bartholomew County Jail, but two years were suspended to probation. He was also ordered to pay restitution to the victim and complete substance abuse treatment.

[3]     On March 27, 2018, the State petitioned to revoke Porter's probation. The petition, as amended, alleged that Porter had missed probation appointments and had committed a new criminal offense while on probation. A hearing was conducted on July 16, 2018. Porter admitted that he had committed a new criminal offense, unauthorized entry of a motor vehicle. The trial court ordered that Porter serve the two years of his sentence that was previously suspended. He now appeals.

# Discussion and Decision

[4] Porter argues that the sanction imposed is unduly harsh. More particularly, he contends that he should receive credit for his admission, akin to mitigating weight afforded a guilty plea in sentencing proceedings, and that the trial court should have issued a statement to that effect.

[5] Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation, and if the conditions are violated, the trial court may impose one of three types of sanctions: (1) continue the person on probation with or without modification; (2) extend the probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of the initial sentencing. *See* Ind. Code § 35-38-2-3(h); *Prewitt*, 878 N.E.2d at 188.

[6] We review a sanction imposed following revocation of probation for an abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* Violation of a single condition of placement is sufficient to revoke placement. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007).

[7] Porter was afforded the rehabilitative opportunity to participate in substance abuse treatment as a probationer. Evidence adduced at the probation revocation hearing indicates that he failed to maintain contact with the probation department and instead committed one or more new criminal

offenses.[1] He had a history of committing property crimes and had violated probation in the past. As Porter has displayed an unwillingness to avail himself of rehabilitative efforts, we find no abuse of the trial court's discretion in ordering him to serve two years of his original sentence.

[8] To the extent Porter suggests that the trial court was required to treat his admission as a guilty plea and accord it mitigating weight in a balancing of sentencing factors, we disagree. Indiana Code Section 35-38-2-3 sets forth the appropriate procedure, respective duties of the State and courts, and the rights of a defendant, in a probation revocation proceeding. This governing statute imposes no requirement upon the trial court to balance aggravating and mitigating circumstances and issue a sentencing statement when imposing a sanction for a probation violation.

## Conclusion

[9] Porter has demonstrated no abuse of the trial court's discretion.

[10] Affirmed.

Bradford, J., and Brown, J., concur.

---

[1] In Johnson County, Indiana, Porter pled guilty to unauthorized entry of a motor vehicle, and he was placed on probation for that offense. Porter claims to have missed two probation appointments because he was in jail, but it is unclear whether this incarceration was for the unauthorized entry offense or some other offense.