## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2019, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Matthew T. Bates
R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mindy J. Woliung,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 12, 2019

Court of Appeals Case No.
19A-CR-358

Appeal from the Ripley Superior Court

The Honorable Jeffrey L. Sharp, Judge

Trial Court Cause No.
69C01-1002-FA-4

**Bailey, Judge.**

# Case Summary

Mindy Woliung ("Woliung") appeals the trial court's sanction, following a probation revocation hearing at which Woliung admitted to violating the terms of her probation. She raises one issue on appeal, namely, whether the trial court abused its discretion when it ordered her to serve four years of her five-year suspended sentence.

We affirm.

# Facts and Procedural History

On February 24, 2010, the State charged Woliung with aiding in dealing cocaine, as a Class A felony.[1] On October 24, 2011, Woliung pled guilty to an amended charge of possession of cocaine, as a Class C felony.[2] The trial court sentenced Woliung to a period of eight years with five years suspended. Following a period of home detention, Woliung was placed on probation. Her terms of probation included requirements that she not commit another criminal offense, not use alcohol or other non-prescribed controlled substances, and permit drug testing.

On January 31, 2013, the State filed a petition for a probation violation hearing on the grounds that Woliung had violated her probation by testing positive for

---

[1] Ind. Code § 35-48-4-1(b) (2010).

[2] I.C. § 35-48-4-6(b) (2011).

methamphetamine in two different drug screens taken on November 1, 2012, and January 22, 2013. On March 5, 2013, the State filed an amended petition for a probation violation hearing on the additional grounds that Woliung had been charged with False Informing, as a Class B misdemeanor.[3] On March 15, the State filed another amended petition alleging Woliung also violated the terms of her probation by dealing methamphetamine, as a Class A felony,[4] and possessing methamphetamine, as a Class C felony,[5] in November of 2012. The false informing and possession charges were dropped but Woliung was convicted of the dealing charge. Following an October 20, 2014, fact finding hearing, the trial court found that Woliung had violated the conditions of her probation by "having been convicted of a criminal offense" in Marion County, but it ordered her to continue on probation under the same initial terms and conditions. App. Vol. II at 132.

[5]     On June 4, 2018, the State filed another petition for a probation violation hearing in which it alleged that, on May 17, 2018, Woliung had tested positive for methamphetamine, and that she was in arrears in probation and testing fees. On January 16, 2019, Woliung admitted to the probation violation, and the trial court granted the State's petition to revoke Woliung's probation. The trial court revoked four years of Woliung's five-year suspended sentence. In making

---

[3] I.C. § 35-44.1-2-3(d) (2013).

[4] I.C. § 35-48-4-1.1(b) (2012).

[5] I.C. § 35-48-4-6.1(b) (2012).

its decision, the trial court found Woliung's admission to be a mitigating factor, and it also "consider[ed]" that she was employed and had passed all other recent drug tests. Tr. at 40. The trial court also made note of Woliung's past criminal convictions and the leniency shown to her in past sentencing decisions.

[6]     This appeal ensued.

# Discussion and Decision

[7]     Woliung argues that the trial court abused its discretion when it imposed a sanction for her probation violation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007); *see also Treece v. State*, 10 N.E.3d 52, 56 (Ind. Ct. App. 2014), *trans. denied*. We review probation violation determinations and sanctions for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law." *Id*. (citations omitted). "As with other sufficiency issues, we do not reweigh the evidence or judge the credibility of witnesses." *Jenkins v. State*, 956 N.E.2d 146, 148 (Ind. Ct. App. 2011) (citation and quotation omitted), *trans. denied*.

[8]     A probation revocation proceeding is a two-step process. *Heaton*, 984 N.E.2d at 616. First, the trial court must determine whether the preponderance of the evidence showed that a probation violation occurred. *Id*.; *see also* I.C. § 35-38-2-

3 (requiring that an evidentiary hearing be held on revocation of probation and providing for confrontation and cross-examination of witnesses by the probationer). "When a probationer admits to violations of the terms of his probation, the procedural safeguards of [I.C. § 35-38-2-3] are unnecessary. Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation." *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008) (citations omitted).

[9] In the second step of the process, the trial court must determine whether the probation violation warrants revocation of probation or some lesser sanction. *Heaton*, 984 N.E.2d at 616 ("[I]f a violation is found, then the trial court must determine the appropriate sanctions for the violation."); *Patterson v. State*, 659 N.E.2d 220, 222-23 (Ind. Ct. App. 1995) ("A court has several dispositional options in a revocation proceeding."). Indiana Code Section 35-38-2-3(h) provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Our Supreme Court has held that this statute "permits judges to sentence offenders using any one of or any combination of the enumerated powers." *Prewitt*, 878 N.E.2d at 187. And, while probationers must be given the opportunity to present mitigating factors, *Woods*, 892 N.E.2d at 640, the trial court is not required to consider aggravating and mitigating factors when deciding whether to revoke probation, *Porter v. State*, 117 N.E.3d 673, 675 (Ind. Ct. App. 2018). Moreover, a single violation of a condition of probation is sufficient to permit the trial court to revoke probation. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[10] Here, Woliung does not dispute that the trial court had authority to sanction her pursuant to Indiana Code Section 35-38-2-3(h), given that she admitted to the probation violation. Rather, Woliung seems to contend that the trial court erred in weighing the mitigating and aggravating circumstances—giving insufficient weight to her admission to the violation and other alleged good behavior and too much weight to what she seems to believe were "minor probation violations." Appellant's App. at 10. First, Woliung forgets that the trial court need not consider mitigating and aggravating factors at all. *Porter*, 117 N.E.3d at 675. Second, Woliung's contentions amount to requests that we reweigh the evidence or judge witness credibility, which we cannot do. *Jenkins*, 956 N.E.2d at 148. And, third, committing an additional drug-dealing crime and testing positive for drugs while on probation are not "minor" probation

violations. *Cf.*, *e.g.*, *Johnson v. State*, 62 N.E.3d 1224, 1231 (Ind. Ct. App. 2016) (holding probation violations of being "out of place" for short periods of time were minor and, along with defendant's low-level of intellectual functioning, did not support a revocation order to serve the entire suspended sentence). Given that a court may revoke probation for a single probation violation, the trial court was well within its discretion when it sanctioned Woliung by ordering her to serve four years of her five-year suspended sentence. *Pierce*, 44 N.E.3d at 755.

[11] Affirmed.

Riley, J., and Pyle, J., concur.