## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 26 2019, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Abshire
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason M. Horn, *Appellant-Defendant,* | November 26, 2019 |
| v. | Court of Appeals Case No. 19A-CR-1490 |
| | Appeal from the Fayette Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable J. Steven Cox, Special Judge |
| | Trial Court Cause No. 21C01-1210-FC-813 |

**Crone, Judge.**

## Case Summary

[1] Jason M. Horn appeals the revocation of his probation. He asserts that the trial court abused its discretion in revoking his probation and ordering the execution of the remainder of his originally suspended sentence. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

[2] In 2014, Horn pled guilty to class C felony burglary and class D felony theft. Pursuant to the plea agreement, Horn's sentence was fixed at a total of seven years, with three years executed and four years suspended to probation. As conditions of his probation, Horn was prohibited from committing another criminal offense or from using alcohol and drugs, unless prescribed by a physician. Horn began serving his probationary term in February 2017.

[3] On August 1, 2017, Horn was charged with class C misdemeanor possession of paraphernalia. He subsequently failed five urine drug screens between August 27 and October 13, 2017. The State filed a petition to revoke probation, and also issued an arrest warrant that was finally served on July 24, 2018. On that date, the State charged Horn with level 5 felony dealing in a narcotic drug. Horn was subsequently convicted of class A misdemeanor possession of a controlled substance.

[4] A probation revocation hearing was held on May 29, 2019. Horn requested that his probation simply be extended by one additional year, rather than being revoked in its entirety. He claimed to be taking care of his sick father and to be

gainfully employed. However, Horn's probation officer testified that when he checked on Horn's employment status, he was informed that Horn had been terminated several weeks prior. At the conclusion of the hearing, the trial court concluded that the State had demonstrated by a preponderance of the evidence that Horn had violated his probation. The court further concluded that a suspended sentence was no longer appropriate. The court reasoned that, among other things, Horn's behavior that resulted in the dealing in a narcotic drug charge "points out vividly" that Horn "had no real concern for the place and time in which he got himself" which demonstrated that "probation means less to him [than] the court would hope it would mean to anyone on probation." Tr. Vol. 1 at 26. Accordingly, the trial court revoked Horn's probation and ordered executed the remainder of his previously suspended sentence. This appeal ensued.

## Discussion and Decision

[5]     "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). We review probation violation determinations and sanctions for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law. *Id*. As with other sufficiency issues, upon review of a trial court's probation revocation determination, we neither reweigh the evidence nor judge

the credibility of witnesses. *Jenkins v. State, 956 N.E.2d 146, 148 (Ind. Ct. App. 2011), trans. denied* (2012).

[6] Probation revocation is a two-step process. First, the trial court must make a factual determination that, by a preponderance of the evidence, a violation of a condition of probation occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id.* During the second step, a probationer must be given an opportunity to offer mitigating evidence suggesting the violation does not warrant revocation. *Id.* Once a violation has been found and revocation of probation is warranted, the trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. *See* Ind. Code § 35-38-2-3(h).

[7] Horn concedes that the State met its burden to prove that he violated one or more conditions of his probation. However, he asserts that he presented ample mitigating evidence to prove that the violations did not warrant revocation of his probation and imposition of the remainder of his previously suspended sentence. While probationers indeed must be given the opportunity to present mitigating evidence, the trial court is not obligated to balance aggravating and mitigating factors when deciding whether to revoke probation and in imposing a sentence. *Porter v. State*, 117 N.E.3d 673, 675 (Ind. Ct. App. 2018).

Moreover, it is well settled that a single violation of a condition of probation is sufficient to permit the trial court to revoke probation. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[8] Here, while he was on probation for two felony offenses, Horn failed urine drug screens, was charged with multiple new crimes, and was convicted of one new crime. The record is clear that the trial court considered, but was not persuaded by, Horn's proffered mitigating evidence regarding his ongoing drug addiction, his employment, and his caretaking duties for his sick father. Indeed, there was conflicting evidence as to the credibility of some of that evidence. The entirety of Horn's argument on appeal is simply a request that we reweigh the evidence in his favor, which we may not do. The trial court's determination that Horn's probation violations warranted revocation is not against the logic and effect of the facts and circumstances before it. The trial court did not abuse its discretion in revoking Horn's probation and ordering execution of his previously suspended sentence.

[9] Affirmed.

May, J., and Pyle, J., concur.