## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 25 2020, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jerry T. Drook | Curtis T. Hill, Jr. |
| Marion, Indiana | Attorney General of Indiana |
| | Steven J. Hosler |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Allen Wilson, | February 25, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CR-2245 |
| v. | Appeal from the Grant Superior Court |
| State of Indiana, | The Honorable Dana J. Kenworthy, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 27D02-1807-F6-408 |

**Bailey, Judge.**

# Case Summary

[1] Joshua Allen Wilson ("Wilson") challenges the sanction imposed for violating the conditions of his probation. He argues that the trial court abused its discretion by considering information from prior criminal cases. We affirm.

# Facts and Procedural History

[2] In October 2018, Wilson pleaded guilty to two offenses: Domestic Battery, as a Level 6 felony;[1] and Interference with Reporting a Crime, as a Class A misdemeanor.[2] Pursuant to the plea agreement, the court imposed an aggregate sentence of two-and-one-half years. Wilson received credit for time served, and the balance of the sentence—two years and twenty-two days—was suspended to probation. As a condition of probation, Wilson was ordered to report to his probation officer as directed. He was also ordered to begin participating in a domestic-violence program—the BASS program—by November 15, 2018.

[3] In July 2019, Wilson's probation officer filed a petition to revoke probation. The petition alleged that Wilson had not engaged in the BASS program and failed to report to the probation department on three occasions. A hearing was held in August 2019. At the hearing, Wilson admitted that he had missed an appointment, received a letter with a new appointment date, and did not report

---

[1] Ind. Code § 35-42-2-1.3.

[2] I.C. § 35-45-2-5.

to the rescheduled appointment. As to the BASS program, Wilson claimed that he attempted to participate, but was told to wait until he had a steady income. Wilson claimed to have relayed this information to the probation department.

[4] The court found that Wilson violated the conditions of his probation by failing to report and failing to engage in the program. In selecting a sanction, the court observed that the underlying offense was "the third crime involving the same victim." App. Vol. 2 at 27. The court further observed that Wilson had previously been convicted of misdemeanor battery "on the same victim" and "was ordered to have no contact with the victim" and "to complete the Domestic Violence (BASS) program." *Id.* The court noted that Wilson violated the terms of probation in that prior cause "by failing to complete the Domestic Violence (BASS) program" and "by committing a new offense"—*i.e.* invasion of privacy. *Id.* The court also noted that Wilson "was later convicted of more serious offenses involving the same victim"—the instant offenses—an escalation of conduct that the court treated as a strong consideration. The court further noted that Wilson had "recently violated the conditions of probation" in one of those prior causes and that "[h]is violation behavior in that case was similar to his current violation behavior, and demonstrates a pattern of complete disregard for the orders of the court." *Id.* at 28. "More alarming, [Wilson] has developed a pattern of continuing to abuse the same victim." *Id.*

[5] After reflecting on Wilson's criminal history and pattern of conduct, the court ordered Wilson to serve the balance of the previously suspended sentence.

[6]     Wilson now appeals.

# Discussion and Decision

[7]     "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)).  Moreover, Indiana Code Section 35-38-2-3(h) provides that, when a court has identified a violation of a condition of probation, the court "may . . . [o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing."

[8]     "A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence." *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999).  "We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses." *Id.*  Moreover, "[i]f there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated **any** terms of probation, we will affirm [the] decision to revoke probation." *Id.* (emphasis added).  As to the sanction imposed, we review for an abuse of discretion. *Heaton*, 984 N.E.2d at 616.  An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances" or if the court has misapplied the law. *Id.*

# Violation

Wilson contends that he "does not contest the court's finding that he violated his probation rules by failing to report as directed." Br. of Appellant at 9. He briefly challenges the court's finding concerning the BASS program, claiming that any failure to engage "was for lack of financial ability to pay the fees." *Id.*

Because of the failure to report, the decision to revoke probation was justified. *See Cox*, 706 N.E.2d at 551. Regardless, the court entered the following statement regarding the BASS fees: "Although Defendant claims that he was told to delay beginning the program, the Court does not find this testimony credible." App. Vol. 2 at 27. We decline the invitation to reweigh evidence.

# Sanction

Wilson primarily challenges the sanction imposed. While acknowledging that the Indiana Code permits the sanction, Wilson contends that the court abused its discretion by considering information from prior cases. Wilson asserts that the case-related information was "not presented as evidence during the fact-finding hearing." Br. of Appellant at 11. He claims that the court improperly derived "aggravating factors" by "taking judicial notice of cases with cause numbers from 2015 and 2017." *Id.* Wilson argues that "[c]ases that happened before Wilson was even on probation in this cause should not be used as aggravating factors." *Id.* at 12. He ultimately requests a more lenient sanction.

In general, the Indiana Rules of Evidence do not apply at proceedings related to probation and sentencing. Ind. Evidence Rule 101(d)(2). Further, at hearings

on a petition to revoke, "judges may consider any relevant evidence bearing some substantial indicia of reliability." *Cox*, 706 N.E.2d at 551. Moreover, the "governing statute imposes no requirement upon the trial court to balance aggravating and mitigating circumstances . . . when imposing a sanction for a probation violation." *Porter v. State*, 117 N.E.3d 673, 675 (Ind. Ct. App. 2018).

[13] Wilson did not object when the court referred to the prior cases at the hearing. What is more, Wilson does not dispute the accuracy of the information. He has failed to demonstrate that the evidence lacks substantial indicia of reliability.

[14] Ultimately, when a court has identified a violation of a condition of probation, the court "may . . . [o]rder execution of all or part of the sentence that was suspended." I.C. § 35-38-2-3(h). We discern no abuse of discretion here.

[15] Affirmed.

Kirsch, J., and Mathias, J., concur.