## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 13 2021, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Shead, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 13, 2021 <br><br> Court of Appeals Case No. <br> 19A-CR-658 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable John M. Marnocha, Judge <br><br> The Honorable Elizabeth A. Hardtke, Magistrate <br><br> Trial Court Cause No. <br> 71D02-1710-F3-67 |

**Bailey, Judge.**

# Case Summary

[1] James Shead, Jr. ("Shead") appeals, arguing that the trial court abused its discretion by revoking his probation and ordering him to serve the balance of his suspended sentence in the Indiana Department of Correction ("DOC").

[2] We affirm.

# Facts and Procedural History

[3] In March 2018, Shead was sentenced to ten years in the DOC for Level 3 felony Aiding, Inducing, or Causing Armed Robbery. The ten-year sentence was fully suspended and Shead was placed on probation for a period of five years.

[4] Shead signed a document acknowledging the terms of his probation. That document stated that "[v]iolation of any law may be considered a violation of probation" and it specified that Shead "may not purchase, use, possess, or exert control over a firearm or other dangerous device." App. Vol. 2 at 42.

[5] In April 2018, the State filed a petition seeking the revocation of Shead's probation and the imposition of Shead's suspended sentence. The State alleged that Shead had failed to submit to urine screens. The State later filed an addendum to its petition to revoke, alleging that Shead had committed three criminal offenses for which Shead was charged in a separate cause.

[6] During the pendency of the petition to revoke, a trial was held in the separate cause. In that cause, Shead was ultimately convicted of a single criminal

offense: Level 4 felony Unlawful Possession of a Firearm by a Serious Violent Felon. Thereafter, the court held a combined hearing regarding revocation in the instant cause and sentencing in the other cause. At the hearing, the court noted that the State initially sought revocation "due to some positive urine drug screens" but later alleged that Shead had committed additional criminal offenses. Tr. Vol. 3 at 5. The court stated that it was inclined to take judicial notice of Shead's conviction in the other cause and find that Shead violated the conditions of his probation. The State agreed with the proposed approach and there was no formal presentation of evidence regarding the State's allegations.

The court ultimately found that Shead "violated a term of probation because [he] committed the new offense in the Level 4 felony." *Id.* at 6. The court later stated that it was "revoking [Shead's] status on probation based on the new conviction[.]" *Id.* at 28. As a consequence for the violation, the court ordered Shead to serve the balance of his previously suspended ten-year sentence.

Shead now appeals.

# Discussion and Decision

Placement on probation "is a matter of grace and a conditional liberty that is a favor, not a right[.]" *State v. I.T.*, 4 N.E.3d 1139, 1146 (Ind. 2014) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*,

878 N.E.2d 184, 188 (Ind. 2007). We review the trial court's probation-related decisions for an abuse of discretion, which occurs when the court's decision is clearly against the logic and effect of the facts and circumstances or when the court has misapplied the law. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

[10] If a person violates a condition of probation—even a single condition—the trial court "may revoke . . . probation." Ind. Code § 35-38-2-3(a). Nevertheless, the court is not obligated to revoke the person's probation. *See* I.C. § 35-38-2-3(h). Rather, upon a violation of probation, the court may (1) "[c]ontinue the person on probation, with or without modifying or enlarging the conditions"; (2) "[e]xtend the person's probationary period for not more than one (1) year beyond the original probationary period"; and/or "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." *Id.*

[11] "Probation revocation is a two-step process." *Heaton*, 984 N.E.2d at 616. First, the court must determine whether the person violated a condition of probation. *Id.* Second, if the court identifies a violation, it must determine the appropriate consequence. *Id.* In imposing a consequence, the court does not abuse its discretion so long as it complies with Indiana Code Section 35-38-2-3 and selects among the enumerated consequences. *See Wann v. State*, 997 N.E.2d 1103, 1106 (Ind. Ct. App. 2013) ("Generally speaking, as long as the trial court follows the procedures outlined in Indiana Code Section 35-38-2-3, the trial court may properly order execution of a suspended sentence.").

[12]     Here, Shead does not dispute that he violated a condition of his probation by committing the criminal offense of Unlawful Possession of a Firearm by a Serious Violent Felon. Rather, he argues that the court "abused its discretion in imposing the entire previously suspended sentence . . . for a single violation of probation[.]" Br. of Appellant at 4. According to Shead, because he "had no other probation violations" and "was reporting to his probation officer as instructed and was gainfully employed," the court abused its discretion by imposing the balance of Shead's previously suspended sentence. *Id.* at 7.

[13]     Because Shead violated a condition of his probation by committing a criminal offense, Indiana Code Section 35-38-2-3(h) authorized the trial court to "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." The court was authorized to do so without regard for any alleged aggravating or mitigating circumstances. *See Porter v. State*, 117 N.E.3d 673, 675 (Ind. Ct. App. 2018) (noting that the applicable statute "imposes no requirement upon the trial court to balance aggravating and mitigating circumstances" when imposing a consequence for a probation violation).

[14]     Shead also argues that the court "improperly considered probation violation allegations that were not a part of the evidence submitted during the evidentiary portion of the proceedings." Br. of Appellant at 6. Moreover, Shead contends that the court's oral statement "detailing the reasons for imposing execution of the entire . . . suspended sentence is unclear" and it is "very difficult to discern what evidence was considered by the court" in selecting a consequence for the probation violation. *Id.* at 7. Shead points out that the court's written order

"does not specify any reason" for revoking the balance of Shead's suspended sentence. *Id.* Furthermore, although Shead acknowledges that a court "is not required to make a detailed sentencing statement when reinstating a portion of an already imposed sentence," he argues that "common sense would seem to dictate that if a defendant has a right to appeal such a decision that the record contain a clear sense as to why a trial court made such a decision to assist the appellate court in determining if there was an abuse of discretion." *Id.* at n.1.

[15] We disagree that the record is unclear as to the grounds for revoking probation. At the hearing, the court plainly found that Shead "violated a term of probation because [he] committed the new offense in the Level 4 felony." Tr. Vol. 3 at 6. The trial court later stated that it was "revoking [Shead's] status on probation based on the new conviction[.]" *Id.* at 28. Although the court referred to other allegations in the petition, its decision to revoke Shead's probation was clearly based on the firearm-related offense. Furthermore, even if a court considers improper grounds for revocation, generally, where a violation is "alleged and proved, revocation may be sustained on that ground alone[.]" *Jaynes v. State*, 437 N.E.2d 137, 140 n.3 (Ind. Ct. App. 1982). Having reviewed the court's remarks at the hearing, we discern no reason to depart from this general rule.

[16] The trial court did not abuse its discretion in revoking Shead's probation and ordering him to serve the balance of his previously suspended sentence.

[17] Affirmed.

Robb, J., and Tavitas, J., concur.